100 N.J. Super. 395 (1968)
242 A.2d 36
FRANK BROWN, PLAINTIFF-RESPONDENT,
v.
FLORENCE MORTIMER AND SHERRY SCHULTZ VAN DORNICK, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1967.
Decided April 18, 1968.
*398 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Robert W. Criscuolo argued the cause for appellant Sherry Schultz Van Dornick (Mr. Robert J. Partlow, on the brief; Messrs. Parker, McCay & Criscuolo, attorneys).
Mr. George Y. Schoch argued the cause for appellant Florence Mortimer.
Mr. Sidney P. McCord, Jr., argued the cause for respondent (Messrs. McCord, Farrell, Eynon and Munyon, attorneys).
*399 The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal from a judgment entered following a jury verdict awarding plaintiff Frank Brown damages of $10,000 against defendant Sherry Van Dornick for personal injuries sustained in this automobile negligence action and a finding of no cause for action on the counterclaim of defendants Sherry Van Dornick and Florence Mortimer. Defendants' motion for a new trial was denied by the trial court.
The litigation resulted from an automobile collision which occurred at about 5:20 P.M. on Sunday, May 3, 1964, at an intersection of traffic lanes in the parking lot of King's Department Store in Edgewater Park Township. The pertinent facts are as follows.
Plaintiff testified that having completed his shopping in the store, he drove his Volkswagen bus, in which his wife and child were passengers, along a traffic lane in the parking lot which ran parallel with Route 130. He intended to go to a road which led from the store to Cooper Street. He said that as he approached an intersecting traffic lane in the lot which extended from the store towards Route 130 he made observations to his left and saw no car approaching. He looked to his right and saw a car some distance away coming from Route 130. He testified that he then drove slowly into the intersection where his automobile was struck on the left side, near the driver's seat, by a motor vehicle driven by defendant Sherry Van Dornick (then Sherry Schultz). As a result of the accident plaintiff sustained injuries.
Chief Henry Van Brunt of the Edgewater Park Police Department testified that Lieutenant Wagner, who had investigated the accident, was unable to testify because he was serving with the armed forces in Vietnam. (It is undisputed that Lieutenant Wagner arrived at the scene of the accident shortly after it occurred and before the injured persons were hospitalized.) Chief Van Brunt testified that the lieutenant prepared a police report which had been filed in his office. Defendants objected to Van Brunt's testifying because his *400 name had not been given in answers to interrogatories as a person who had relevant knowledge of the accident. The court ruled that the witness could testify as the custodian of the report.
The chief thereupon identified the report which contained a diagram showing the location of the cars and skidmarks at the scene of the accident. It showed skidmarks leading up to the rear of defendants' car 14' to 17' in length and ending in scuff marks to the left in the intersecting lane 3' to 4' in length. The chief further testified that it was the usual procedure for an investigating officer to secure the information necessary to prepare a report on a standard form issued by the Division of Motor Vehicles, including a diagram of the scene of the accident, and that such procedure is followed whether the accident occurred on either the public highway or private property.
The trial court, over defendants' objections held that the police report was admissible in evidence under section 35 of the Business Records As Evidence Act, N.J.S. 2A:82-34 et seq. In view of the ruling defendants withdrew an earlier objection they had made to the testimony of John Shedosky, a police photographer, and the admission of photographs he had taken, which objection had been sustained by the trial court.
Shedosky testified that at Lieutenant Wagner's direction he met the lieutenant at the parking lot at about 6:30 P.M. following the accident. He said he took photographs of the skidmarks and scuffmarks and assisted Wagner in measuring them. He also took photographs of the damaged automobiles which had been towed to a service station.
Defendants' version of the accident contradicted that given by plaintiff. Mrs. Van Dornick testified that she was operating an automobile owned by her mother, Florence Mortimer, in which her two children and Mrs. Mortimer were passengers. She said that having completed shopping in the store she drove the car in a parking lot traffic lane headed towards Route 130 at a speed of about 5 m.p.h. When *401 she reached the intersecting lane she stopped her car. She looked to her left and right and saw no cars approaching. She testified she then drove four feet into the intersecting lane and again stopped when she saw plaintiff's car approaching on her right side. She said that after her car was stopped it was struck by plaintiff's motor vehicle. Mrs. Mortimer's testimony substantially corroborated that given by her daughter. She said she observed skidmarks on the lane where her car was pushed sideways but saw no other marks.
The photographs taken by Shedosky showed damage to the left side near the front of plaintiff's Volkswagen and to the grill, hood and right front fender of defendants' car.
Defendants raise three points: (1) the court erred in admitting the police report in evidence; (2) the court erred in permitting witnesses to testify who were not named as prospective witnesses in plaintiff's answers to interrogatories, and (3) the verdict was contrary to the weight of the evidence.

I
We deal first with defendants' second point  that the court erred in permitting Chief Van Brunt and Officer Shedosky (the police photographer) to testify although their names were not listed in an answer to an interrogatory requesting the names of all persons who had relevant knowledge of the accident.
It is well settled that parties to litigation may through discovery proceedings elicit from their adversaries the names of witnesses proposed to be used at the trial, R.R. 4:16-2 and 4:23-9, and that failure to provide the same may result in sanctions imposed by the court excluding their testimony. R.R. 4:27-2(b) (2); Burke v. Central Railroad Co. of N.J., 42 N.J. Super. 387, 394-95 (App. Div. 1956). The application of sanctions is consigned to the sound discretion of the court, subject only to the rule that the sanction visited upon the party must be just and reasonable. Our cases recognize three factors which, if disclosed by the circumstances *402 of the particular case, strongly urge the trial court, in the exercise of his discretion, to suspend the imposition of sanctions, namely, (1) the absence of a design to mislead, (2) absence of the element of surprise if the evidence is admitted, and (3) absence of prejudice which would result from the admission of the evidence. Branch v. Emery Transportation Co., 53 N.J. Super. 367, 375-76 (App. Div. 1958).
As to the first factor mentioned in Branch, defendants concede that there was no intention on the part of plaintiff to mislead them. We are satisfied that defendants were neither surprised nor prejudiced when Chief Van Brunt was called upon to testify as the custodian of the police report. They knew of the existence of the report and had previously been advised that Lieutenant Wagner, who had prepared it, would be called as a witness. Since the lieutenant was with the armed services in Vietnam and unavailable we conclude there was no mistaken exercise of discretion by the court in permitting Van Brunt to testify as the custodian of the record. Moreover, Chief Van Brunt's testimony concerning established police procedures for the preparation and filing of an accident report was clearly not barred by plaintiff's failure to list him as a witness who had relevant knowledge of the accident.
Defendants' similar argument with regard to the testimony of Officer Shedosky and the admission of photographs taken by him is without merit since at trial they withdrew their previously sustained objections to such evidence.

II
We consider next defendants' contention that the police report should not have been admitted in evidence under the provision of the Uniform Business Records As Evidence Act, N.J.S. 2A:82-34 et seq. Section 35 of the statute provides:
*403 "A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."
We note parenthetically that the statute, which was in effect when the case was tried, was superseded on September 11, 1967 when the Rules of Evidence adopted under the Evidence Act of 1960 became effective. (See N.J.S. 2A:84A-40 and the footnote to Rule 63(13) of the Rules of Evidence.) However, there is no substantial difference between the underlying policy of Rule 63(13) concerning the admission of business records and section 35 of the statute which the rule replaced.[1]
The basic theory of the statute was set forth in Mahoney v. Minsky, 39 N.J. 208 (1963) where the court stated:
"[R]ecords which are properly shown to have been kept as required normally possess a circumstantial probability of trustworthiness, and therefore ought to be received in evidence unless the trial court, after examining them and hearing the manner of their preparation explained, entertains serious doubt as to whether they are dependable or worthy of confidence. The last clause of the statute that the books should be accepted `if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission,' confers considerable discretion upon the trial judge. * * * Once that discretion has been exercised the holding will not be disturbed if supported by substantial even though conflicting evidence or inferences therefrom." (at p. 218)
The precise question of whether a police report of a motor vehicle accident is admissible in evidence as a business *404 record exception to the hearsay rule apparently has not been previously answered in any reported decision in our State. However, such reports have been held admissible in other jurisdictions. Stegall v. Wilson, 416 S.W.2d 658 (Mo. Ct. App. 1967); Chemical Leaman Tank Lines, Inc. v. Stevens, 251 N.Y.S.2d 240 (App. Div. 1964); Blakney v. Panhandle & Santa Fe Railway Co., 381 S.W.2d 143 (Tex. Ct. Civ. App. 1964).
Moreover, it seems clear that such reports, with certain qualifications, see e.g., Fagan v. City of Newark, supra (78 N.J. Super., at p. 319), are admissible under the new Rules of Evidence. Cf. the comments in the Report of the Supreme Court Committee on Evidence (1963), op. cit., at pp. 180-181.
Defendants do not argue that the operation of a police department is not a "business" within the definition of N.J.S. 2A:82-34. Cf. Janiec v. State, 87 N.J. Super. 76 (App. Div. 1965); Fagan v. City of Newark, supra, at p. 308, and State v. Laster, 69 N.J. Super. 504 (App Div. 1961). Nor do they argue that a police report of a motor vehicle accident cannot be received as evidence if it complies with the standards required for admission under Section 35. They contend, however, that the report was inadmissible in this case because (1) the accident occurred on private property and therefore the police investigation and preparation of the accident report were not made in the regular course of business of the police department; (2) the diagram included in the report was based on an opinion which the officer was not competent to give; (3) the diagram was not trustworthy because it contradicted other evidence adduced at the trial, and (4) there was insufficient proof of the identification, method and time of preparation of the report to satisfy the statutory standards for its admission and the trial court failed to refer to the same when it ruled the report was admissible.
Defendants' argument that the report was inadmissible because the accident occurred on private property is *405 without merit. While privately owned, the parking lot was clearly a quasi-public place and subject to applicable provisions of the Motor Vehicle Act. Cf. State v. Sisti, 62 N.J. Super. 84 (App. Div. 1960); State v. Gillespie, 100 N.J. Super. 71 (App. Div. 1968). Under N.J.S.A. 39:4-9, a police officer, who in the regular course of duty investigates a motor vehicle accident required to be reported under the provisions of N.J.S.A. 39:4-1 et seq., must make a written report of the accident for the use of the Division of Motor Vehicles. Forms of accident reports calling for detailed information are supplied to police departments by the Division. Significantly, N.J.S.A. 39:4-9 does not restrict the necessity of preparing and filing such reports to accidents which occur upon the public highways and no sound reason exists to conclude that they are unnecessary when the accident occurs in a parking lot used by the public. Moreover, the chief of police testified that it is standard police procedure to investigate and prepare reports of accidents which occur on both public and private property. It is clear that the police investigation and the preparation of the accident report in this case were made in the regular course of business of the police department.
Before permitting the report to be received in evidence the trial court properly excised therefrom a statement expressing the officer's opinion of the manner of operation of the vehicles by both drivers prior to the collision, and as to their negligence, on the ground that this was a conclusion which was not the duty of the officer to make. However, defendants claim that the diagram contained in the report should not have been admitted because it was based on the opinion of the officer as to the position of the cars either before or after the collision occurred. We do not agree. The officer arrived at the scene about three minutes after the accident happened and before the cars were moved. He unquestionably observed the skidmarks behind defendants' car, otherwise he would not have thereafter arranged for the photographer to meet him at the parking lot to photograph *406 them. The skidmarks shown on the diagram were not "opinion" evidence but were based on the officer's personal observations. The diagram was not drawn to scale and no measurements were indicated theron except the length of the skidmarks, a fact which the officer apparently deemed sufficiently important to record. As to the position of the cars shown on the diagram it is obvious that they were not placed there by the officer and would not be likely to be understood by the jury to purport to show the exact position of the cars either before or after the collision  but merely to indicate the direction in which they had been proceeding. The parties do not deny that they were driving in the directions so indicated. In our view this was not inadmissible "opinion" evidence but a factual representation which the officer was competent to make based on his observations at the scene.
We ascribe no merit to defendants' argument that the diagram was not trustworthy because it did not coincide with other evidence produced at the trial. Conflicting testimony is not unusual at a trial  in fact, it is rare indeed when there is no contradictory testimony. That the diagram varied from the testimony of witnesses is not a bar to its admission in evidence. The ultimate decision as to its trustworthiness or credibility is a matter for determination by the jury. Mahoney v. Minsky, supra, at pp. 218-19.
Under the provisions of section 35 of the statute evidence of the identity and the method and time of preparation of the record must satisfy the trial court that its admission is justified. Here the trial court made an implicit finding that the statutory standard had been complied with. We are satisfied that there was substantial evidence in the record to support that finding. If the statutory requirements were not punctiliously observed we conclude there was no prejudice calling for a reversal.
We thus conclude that there was no mistaken exercise of discretion on the part of the trial court in permitting the police report to be received in evidence.

*407 III
Finally, we find no basis for defendants' claim that the verdict was contrary to the weight of the evidence. There was sufficient evidence to support the jury's implied findings that Mrs. Van Dornick was guilty of negligence which proximately caused the accident and that plaintiff was not guilty of contributory negligence. The trial court, in denying defendants' motion for a new trial, necessarily concluded that the verdict was not the result of mistake, partiality, prejudice or passion. R.R. 1:5-3(a). The scope of our appellate review is limited. We cannot disturb the order of the trial court unless it clearly and unequivocally appears that there was a manifest denial of justice under the law. Kulbacki v. Sobchinsky, 38 N.J. 435, 452 (1962). In the light of the evidence presented in this case we can make no such finding.
Affirmed.
NOTES
[1] See Report of Supreme Court Committee on Evidence (1963), Comment on Rule 63(13), p. 177. For a partial history of the development of modern business records evidence legislation with particular reference to reports of accidents, see Fagan v. City of Newark, 78 N.J. Super. 294, 309-313 (App. Div. 1963).