174 N.J. Super. 351 (1980)
416 A.2d 915
ATILIO CONDE AND SARA CONDE, PLAINTIFFS,
v.
STANLEY L. BROWN, M.D., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Cumberland County.
Decided March 31, 1980.
*353 John Callinan, for plaintiffs (Perskie & Callinan, P.A., attorneys).
G. Paul Crawshaw, for defendants (Martin, Crawshaw & Mayfield, attorneys).
MILLER, J.S.C.
Plaintiffs seek to amend interrogatories in a medical malpractice action to include a new expert subsequent to the panel hearing mandated by R. 4:21. The basis of plaintiffs' claim is that defendant performed an unnecessary back operation. A medical malpractice panel hearing was convened on December 12, 1979. Afterward the addition of a new expert is sought to enforce the theory of plaintiffs' case.
In support of the motion plaintiffs contend that their expert recommended that an opinion from a neurosurgeon be obtained. The present expert submitted a report but was not deposed. Plaintiffs emphasize that the new expert will testify, either by deposition or in person, to the same opinion as previously submitted. Additionally, it is argued that the substitution of an expert will not impede the trial nor surprise defendant.
Defendant objects to the motion on several grounds, namely, the unknown credentials of a new expert, the potential variation in expert testimony and the tactical advantage to plaintiff in enlarging his battery of experts for the time of trial. Defendant also questions the possible effects of new testimony on the issues decided by the malpractice panel and the validity of the panel's order at the trial wherein different testimony may be heard.
*354 Amendments of answers to interrogatories, including the addition of an expert's name, is permitted not later than 20 days prior to the first date fixed for trial. R. 4:17-7, R. 4:17-4(e). The initial listing for trial was the first week of March 1980. Since the requested amendment is untimely, R. 4:17-7 requires that
... Thereafter amendments may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court directs ...
Normally, great liberality is accorded in permitting the testimony of witnesses whose names are not supplied by timely amendment. See Falcone v. N.J. Bell Tel. Co., 98 N.J. Super. 138 (App.Div. 1967), certif. den. 51 N.J. 190 (1968); Brown v. Mortimer, 100 N.J. Super. 395 (App.Div. 1968); Westphal v. Guarino, 163 N.J. Super. 139 (App.Div. 1978), aff'd o.b. 78 N.J. 308 (1978). As stated in Brown,
... ordinarily such witness should be permitted to testify where the failure to supply his name in answers to interrogatories was not the result of a design to mislead and where there is no surprise or prejudice to the opposing party if the testimony is allowed. [at 401]
The objection to adding the expert witnesses is focused upon the elements of surprise and prejudice to defendant. At this juncture these considerations must be tested against the medical malpractice procedure mandated by R. 4:21.
In September 1978 the Supreme Court adopted rules establishing radical new procedures for the conduct of medical malpractice cases. In brief, the new procedure calls for the submission of such cases to a special panel composed of a doctor, a lawyer and a judge. This panel conducts a hearing with a view to determining whether or not malpractice exists. If the panel so finds unanimously either way, this fact is disclosed to the jury at the subsequent trial. See "Medical Malpractice Procedure Under Rule 4:21," 105 N.J.L.J. 17 (1980).
R. 4:21-2(c) mandates a pretrial conference and order, a unique requirement. This conference precedes the panel hearing. The R. 4:21 judge must make sure that everything is in order for a panel determination. Either the pretrial order or the notice of the panel hearing should contain a directive that all *355 records and pertinent data be supplied directly to the panel members at least ten days before the hearing. The right to ample discovery before the hearing should enable the parties to narrow the issues.
The panel hearing date may be regulated according to the completeness of the discovery since it is not essential that discovery be completed before the pretrial conference is held. In addition, one of the purposes of the requirement that a pretrial conference be held when the case is 12 months old, R. 4:21-2(c), is to check upon and expedite the discovery process. However, it is utterly essential that all discovery be complete before the panel hearing, and the process contemplates that after that time no new evidence shall enter the case.
To permit plaintiff to add a new expert would have the potential of altering the case presented at trial. Essentially the same issues and facts relating thereto are presented at the panel hearing which are contemplated for trial. At the conclusion of the hearing the panel makes specific findings of fact as to whether there was malpractice. R. 4:21-5(e).
Since the panel must make findings with respect to the question of malpractice, it follows that all discovery must be completed earlier. An order determining whether the claim is based on reasonable medical probability, if unanimous, will be admissible in evidence at trial as to the panel's findings. R. 4:21-5(e).
The panel procedure is designed to serve as an additional catalyst in the litigation process. It is intended to weed out the worthless case, not to prevent the trial of the cases where a fair factual issue is presented. It was the hope of the committee which drew up the revised rule that settlements would be substantially encouraged as a result of it. Experience to date indicates this hope is being fulfilled. If no settlement is reached, the case goes on the trial calendar and is tried in turn. To permit the plaintiff a change in experts for trial would emasculate the purpose of first presenting the case to the panel. Plaintiffs' assurances that the added expert will testify within *356 the existing parameters of the case are not persuasive. The distinct possibility of new testimony poses substantive prejudice to the defendant.
Plaintiffs' motion to amend answers to interrogatories subsequent to the R. 4:21 panel hearing is denied.