199 N.J. Super. 363 (1984)
489 A.2d 1161
MELVIN FEILER, D.D.S., PLAINTIFF-APPELLANT,
v.
NEW JERSEY DENTAL ASSOCIATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 5, 1984.
Decided June 19, 1984.
*364 Before Judges ANTELL, JOELSON and McELROY.
Victor A. Deutch argued the cause for appellant (Ravin, Davis & Sweet, attorneys; Alan E. Davis of counsel; Victor A. Deutch and John G. Hromy on the brief).
Arthur Meisel argued the cause for respondent (Jamieson, McCardell, Moore, Peskin and Spicer, attorneys; Arthur Meisel and Ann. F. Kiernan on the brief).
The opinion of the court was delivered by JOELSON, J.A.D.
This is plaintiff's appeal from a judgment of the trial court in favor of defendant-counterclaimant. The opinion upon which the judgment was based can be found in Feiler v. New Jersey Dental Ass'n., 191 N.J. Super. 426 (Ch.Div. 1983). The judgment ordered that plaintiff and dental centers operated and controlled by him, in billing insurance carriers or any other third party payers, must do one of the following things with respect to any plan requiring percentage co-payment from the patient:
(a) enter on the attending dentist's statement a fee in the amount he actually intends to collect for the procedure billed for upon the assumption that the recipient of the statement will treat the procedure as a covered dental expense, *365 or
(b) type, print or stamp on the face of the statement, or on a label affixed thereto, in legible characters at least ten points in height, the following words:
WE WAIVE OR DISCOUNT COPAYMENTS EXCEPT FOR BASIC PROCEDURES COVERED 100%. IT IS OUR INTENTION TO (Check One)
() BILL THE PATIENT $ ____ AFTER RECEIPT FROM YOU OF THE MAXIMUM BENEFITS PAYABLE UNDER YOUR PLAN ON COVERED PROCEDURES ON A CHARGE OF $ ____
() WAIVE ANY FURTHER PAYMENT FROM THE PATIENT AFTER RECEIPT FROM YOU OF THE MAXIMUM BENEFITS PAYABLE UNDER YOUR PLAN ON COVERED PROCEDURES ON A CHARGE OF $ ____
() DETERMINING OUR CHARGE TO THE PATIENT ONLY AFTER RECEIPT OF PAYMENT BY YOU.
() THIS PATIENT HAS SECONDARY COVERAGE FOR THE COPAYMENT.
The judgment further provided that any insurance carrier or third party payer wishing to have the required legend omitted from billing statements could so declare, after which plaintiff could omit the legend from the future statements submitted to such carrier or third party payer.
One of the points raised in the brief submitted on behalf of plaintiff is that "[t]he trial judge abused his discretion in refusing to allow Dr. Feiler to present expert testimony which would have refuted an essential element of the N.J.D.A.'s counterclaim." This issue relates to plaintiff's motion "to permit Daniel McCarthy or Drew Davidoff to testify as expert witnesses on behalf of plaintiff...." Although the motion did not refer to R. 4:17-7, that rule was obviously implicated as neither of the two expert witnesses had been designated in plaintiff's earlier answers to interrogatories. Under R. 4:17-7, amendments to interrogatory answers served later than 20 days prior to the first date fixed for trial "... may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice...."
It is undisputed that plaintiff's motion for leave to permit the testimony of the expert witness was dated March 7, *366 1983, and that the first trial date set was March 14, 1983, although adjourned at the request of plaintiff's attorney who had arranged to be on vacation at that time. However, plaintiff correctly contends that liberality is normally accorded an application under R. 4:17-7 so as to permit the testimony of witnesses whose names have not previously been supplied. Thus, in Westphal v. Guarino, 163 N.J. Super. 139 (App.Div. 1978), aff'd 78 N.J. 308 (1978), while we recognized the discretion reposed in the trial judge, we held that the judge abused his discretion in refusing to permit the testimony of an expert witness who had not been named in answers to interrogatories. In so doing, we relied on Brown v. Mortimer, 100 N.J. Super. 395, 401-402 (App.Div. 1968), where we stated:
Our cases recognize three factors which, if disclosed by the circumstances of the particular case, strongly urge the trial court, in the exercise of his discretion, to suspend the imposition of sanctions, namely, (1) the absence of a design to mislead, (2) absence of the element of surprise if the evidence is admitted, and (3) absence of prejudice which would result from the admission of the evidence. Branch v. Emery Transportation Co., 53 N.J. Super. 367, 375-376 (App.Div. 1958).
An examination of the letter opinion issued by the trial judge in deciding the motion demonstrates that he was understandably perturbed by plaintiff's delay. The judge, therefore, concluded that he should not "... relax the rules to reward such cavalier conduct." He did not however, allude to any of the three factors for liberality quoted above, all of which factors appear to have been satisfied. Nevertheless, we conclude that even if the judge erred in this respect, the error was harmless as it was not "clearly capable of producing an unjust result" within the intendment of R. 2:10-2. It is stated in plaintiff's brief that "[t]he experts would have testified that an insurance company pays no more money overall to a dentist who waives copayments than to a dentist who does not waive." The expert's report which has been included in plaintiff's appendix declares that "[t]he gross fees charged by New Jersey Eastern Dental Centers [plaintiff's trade name] are slightly higher than average fee levels in New Jersey in the aggregate, *367 but are substantially lower than what a typical carrier would accept as allowable charges." We agree with the statement in the trial judge's letter opinion regarding the proferred expert testimony that it would be only "... peripheral to the dispute between the parties." It must be kept in mind that we are not dealing with a controversy between plaintiff and insurance carriers, but with a counterclaim alleging unfair competition by way of plaintiff's practice of submitting to insurance carriers bills which contained inaccurate and misleading information.
With regard to the remaining issues raised by plaintiff, we affirm essentially for the reasons set forth in the opinion of Judge Richard S. Cohen in Feiler v. New Jersey Dental Association, 191 N.J. Super. 426 (Ch.Div. 1983). We note additionally that it is the contention of plaintiff that he has never intended to mislead insurance carriers and that the carriers knew or should have known of his practice of waiving copayments. In view of this, we do not perceive how plaintiff has been harmed by the nature of the injunctive relief which has been granted inasmuch as he merely has been directed to make his copayment practice entirely clear to insurance carriers. If it is true, as contended by plaintiff, that an insurance company pays no more money overall to a dentist who waives copayments, any company convinced of the reality of that contention is free under the terms of the judgment to agree to have the information as to plaintiff's copayment policy omitted from his future billing statements.
At oral argument, plaintiff's counsel told us that his client was in full compliance with the judgment under appeal, and experienced no difficulty thereby. However, in answer to our question, counsel stated that his client pressed this appeal in order to protect his good name. We, of course, must decide this matter according to what we consider to be the law, and we have already expressed our agreement with the trial judge on the law. We add, however, for what solace it might afford plaintiff, that although he was no doubt substantially motivated by his wish for profit (certainly not, in itself, a base motive), his *368 copayment discount policy also worked to the financial advantage of his patients.
We concur with the trial judge's statement that "[t]here is nothing wrong, of course, with offering dental services at reduced prices." The reduction of costs to patients and consumers is a most desirable goal. Surely the charging of reduced fees by plaintiff would not in itself constitute unfair competition. Newspapers and airwaves contain in abundance advertisements of those who proudly proclaim that their goods and services are less expensive than those of their competitors. However, the unfair competition in this case arises from the fact that plaintiff's competitors are unable to charge fees as low as plaintiff's unless they resort to plaintiff's practice of filing with insurance carriers misleading billing statements that do not comport with the underlying realities of the situation. They have the right to look to the courts for protection in this regard. In conclusion, we stress the fact that the injunction granted by the trial court does not prohibit plaintiff from waiving copayments from his patients, but merely requires that he apprise insurance carriers and third party payers of his actual intentions in this respect.
Affirmed.