280 N.J. Super. 471 (1995)
655 A.2d 961
PLAZA 12 ASSOCIATES, PLAINTIFF-APPELLANT,
v.
CARTERET BOROUGH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1995.
Decided March 30, 1995.
*473 Before Judges VILLANUEVA, WEFING[1] and BRAITHWAITE.
Peter L. Davidson argued the cause for appellant (Mandelbaum and Mandelbaum, attorneys; Steven R. Irwin, of counsel; Mr. Davidson, on the brief).
Richard M. Conley argued the cause for respondent (Conley and Haushalter, attorneys; Mr. Conley, of counsel and on the brief).
The opinion of the court was delivered by BRAITHWAITE, J.S.C. (temporarily assigned).
Plaintiff appeals from the Tax Court's dismissal of its tax appeal challenging the municipal tax assessment for the year 1993. We reverse.
Plaintiff filed a complaint with the Tax Court appealing the assessment of $4,287,700 by defendant, Borough of Carteret. The defendant propounded interrogatories upon plaintiff. Because plaintiff did not timely answer the interrogatories, defendant filed a motion to dismiss plaintiff's complaint. Plaintiff ultimately provided the answers and on July 30, 1993, defendant withdrew the motion. One of the interrogatories served on plaintiff sought "a true copy of all leases in use in connection with the subject property during the year under appeal in this action and in each of the five years immediately preceding." Plaintiff answered, "See attachments," and annexed to its answers the rent rolls dated May 1, 1993, July 15, 1992, and March 1, 1988. The rent rolls provided *474 the name of the tenant, percent of CAM,[2] square feet occupied, lease expiration, options, security deposit, monthly base rent, monthly CAM, monthly tax, monthly insurance and monthly payment. Defendant never objected prior to trial to what was provided in answers to its interrogatories, and did not make any motion to compel the production of the leases or to sanction plaintiff for failure to comply with discovery.
Plaintiff provided its expert's report on the value of the property four days before trial and the matter was tried on March 30, 1994. The only issue in the trial was the fair market value of the property as of October 1, 1992, which is the assessment date for the tax year 1993. Plaintiff's expert testified that, in his opinion, the fair market value of the property for the tax year 1993 was $3,449,900. Plaintiff's expert testified that he relied upon the capitalization of income approach, except for the McDonald's facility, in valuing the property.
When plaintiff's expert began to testify about utilizing the leases in valuing the property, counsel for defendant objected stating that the "testimony sought to be elicited deals with leases. We were not provided with leases in discovery." Plaintiff's counsel stated that he had received no objection to the rent rolls from defendant prior to trial, and therefore believed that the information provided was sufficient. He further stated that in the past if the discovery provided was insufficient, defendant's counsel would request more specific answers and since that was not done in this case, he believed that the rent rolls were sufficient. The trial court sustained the objection and would not "permit any testimony with regard to those leases." After another objection from defendant's counsel, the court further precluded plaintiff's expert from testifying as to gross rental income because the leases were not provided in discovery. Finally, when the expert attempted to testify from information contained in the rent rolls, the trial court sustained defendant's counsel's objection based on a lack of authentication *475 of the rent rolls, even though the answers to interrogatories were certified.
As a result of the trial court's rulings, plaintiff's counsel was unable to elicit testimony of any kind regarding the income of the subject property. Plaintiff did not seek to submit evidence that differed from the data which was submitted in answers to interrogatories. After counsel for plaintiff completed his direct examination, counsel for defendant moved to dismiss the complaint on the grounds that plaintiff failed to present "clear and persuasive evidence of a value of the property other than the assessment," which motion the trial judge granted.
Plaintiff has raised three points on this appeal. First, plaintiff contends that the trial judge committed reversible error by excluding evidence regarding lease data and the income from such leases because plaintiff failed to provide the leases in answers to interrogatories. Second, plaintiff asserts that the trial judge committed reversible error by excluding evidence regarding income for failure to authenticate rent rolls attached to interrogatories. Lastly, plaintiff contends that defendant's failure to object to plaintiff's answers to the interrogatories within a reasonable time prior to trial constitutes a waiver of any objection to the admissibility of evidence contained therein.
Here, the trial judge precluded the plaintiff from proving its case because of a failure to attach the leases to the answers to interrogatories. "Imposition of the sanction of exclusion of evidence ... because of the limiting effect of an interrogatory answer is always subject to the sound discretion of the trial judge." Skibinski v. Smith, 206 N.J. Super. 349, 354-55, 502 A.2d 1154 (App.Div. 1985).
But the application of the sanction is consigned to the sound discretion of the judge, subject only to the rule that the sanction visited upon the party must be just and reasonable. The factors which "strongly urge" the trial judge, in the exercise of his discretion, to suspend the imposition of sanctions, are (1) the absence of a design to mislead, (2) absence of the element of surprise if the evidence is admitted, and (3) absence of prejudice which would result from the admission of the evidence. This accords with the overriding objective of giving the defaulting party his day in *476 court, with due regard, however, to protecting the opposing party from the effects of surprise or other prejudicial factors.
[Westphal v. Guarino, 163 N.J. Super. 139, 145-46, 394 A.2d 377 (App.Div.), aff'd, 78 N.J. 308, 394 A.2d 354 (1978) (quoting Brown v. Mortimer, 100 N.J. Super. 395, 402, 242 A.2d 36 (App.Div. 1968)) (citations omitted).]
We are satisfied that the trial judge mistakenly exercised his discretion in precluding the evidence because the leases were not provided in answers to interrogatories. There was no design on the part of the plaintiff to mislead the defendant or the court. Certainly there was no element of surprise, inasmuch as plaintiff only sought to introduce evidence that was consistent with what had been provided in discovery. In addition, we find no prejudice to defendant had the evidence been admitted.
We particularly find no prejudice to the defendant, since it was in possession of the rent rolls some eight months prior to trial. The rent rolls provided much of the same information that would be found in the leases. Moreover, defendant had sought to dismiss plaintiff's complaint for failure to answer interrogatories and when the answers were provided, it withdrew its motion. After withdrawing its motion, it never communicated to plaintiff that the answers provided were inadequate or insufficient. Although plaintiff should have provided the leases in answers to the interrogatory, defendant "had no right to eschew discovery and then object to the admission" of evidence that was based upon information that was readily obtainable on request, and if denied, by motion. McCalla v. Harnischfeger Corp., 215 N.J. Super. 160, 172, 521 A.2d 851 (App.Div.), certif. denied, 108 N.J. 219, 528 A.2d 36 (1987); R. 4:23-1(a).
Defendant argues that it is a burden, financial and otherwise, to require the municipality to go that extra step of requesting the required information and if denied, filing a motion to obtain same. Instead, defendant asserts that it was proper to wait until trial and object to plaintiff's proofs because the leases were not provided, even though it had virtually all of the information contained in the leases in the submitted rent rolls.
*477 Defendant's position is akin to trial by ambush which violates "the purpose and spirit of the discovery practice, namely the pretrial opportunity of litigants to explore every avenue of inquiry in their search for the relevant facts and circumstances[.]" Pressler, Current N.J. Court Rules, comment 1 on R. 4:10-2 (1995). Here the only issue at trial was the value of the subject property. The only way for plaintiff to try his case is through an expert. The discovery rules are not to be used, as here, to preclude a party from presenting its case when the evidence neither surprises, misleads or prejudices the opposing party. The discovery rules are to provide "predictability and security in the conduct of litigation." Zaccardi v. Becker, 88 N.J. 245, 252, 440 A.2d 1329 (1982).
Here, plaintiff reasonably believed, because of no objection or motion prior to trial concerning his answers to interrogatories, that it had adequately provided the information sought by defendant. We hold that, in the absence of exceptional circumstances, a party receiving a "plainly unresponsive answer to an interrogatory seeking the facts" regarding a critical issue in the litigation has the burden to seek a more responsive answer or be barred at trial from objecting to evidence based on the insufficient or unresponsive answer. See Van Dam Egg Co. v. Allendale Farms, Inc., 199 N.J. Super. 452, 455, 489 A.2d 1209 (App.Div. 1985). The party cannot wait until trial and "sandbag" his opponent by then making an objection to the adequacy of the answers to interrogatories.
Plaintiff's expert should have been permitted to testify as to value based upon the rent rolls. The trial court refused to allow the testimony, stating that the rent rolls were not authenticated. There is no indication from the record that the rent rolls were going to be admitted into evidence. Authentication is a condition precedent to the admissibility of a writing. N.J.R.E. 901. Moreover, if facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence." N.J.R.E. 703. We are satisfied that the rent *478 rolls satisfy this criteria. In addition, the record does not support the conclusion that plaintiff's expert did not review the leases in arriving at his opinion. In fact, the question to the expert and his answer thereto that led to defendant's counsel's objection would indicate otherwise. The question posed by plaintiff's counsel to the expert and the expert's response thereto on this subject was as follows:
Q. Okay, Let's turn to your income approach. Mr. Kilpatrick, you utilized certain subject leases in your income approach, page 8 and 9, and you came up  page 10 you have a history of expenses?
A. That is correct.
Based on the above, we are satisfied that the trial judge should have allowed the expert to testify, and if defendant required the actual leases several remedies short of precluding the testimony, such as a brief recess or adjournment to get the leases, would have been appropriate.
We therefore reverse the dismissal of plaintiff's complaint and remand this matter for a new trial.
NOTES
[1] Judge Wefing did not participate in the oral argument. However, the parties consented to her participation in the decision.
[2] CAM is Common Area Maintenance charges.