685 A.2d 1351

IRENE LINDENMUTH AND WILLIAM LINDENMUTH, PLAINTIFFS–APPELLANTS, v. ROBERT HOLDEN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 29, 1996—Decided December 17, 1996.

---

Before Judges MICHELS, KLEINER and COBURN.

*Robert J. Kelly, Jr.*, argued the cause for appellants.

*Robert G. Harbeson* argued the cause for respondent (*Archer & Greiner,* attorneys; *John C. Connell,* of counsel and on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Plaintiff Irene Lindenmuth and her husband, plaintiff William Lindenmuth, appeal from an order of the Law Division that denied their motion for a new trial in this personal injury automobile

action which resulted in a judgment in favor of defendant Robert Holden.

Plaintiff suffered personal injuries when an automobile in which she allegedly was riding as a passenger was struck in the rear while stopped at a traffic light by an automobile driven by defendant. Prior to trial, defendant stipulated as to liability in favor of plaintiffs and the matter was to proceed to trial on damages only. In preparation for trial, a videotaped deposition of plaintiffs' medical expert, Dr. Barry S. Gleimer, D.O., was taken on January 19, 1995. On cross-examination, Dr. Gleimer admitted that the only history that he had recorded regarding plaintiff's involvement in this accident was from plaintiff herself and from the reports of other physicians who had seen her previously. Defendant was attempting to show that plaintiff was not in the automobile at the time of the accident. Plaintiffs' counsel objected to this line of questioning, stating:

I am going to object. There will be a motion made in limine, pretrial, as to the issue of whether or not Mrs. Lindenmuth was in the vehicle. Liability has been stipulated in this case. The issue would have been litigated at the liability level as to whether she was in the car or not, because Mr. Holden could not be conceivably at fault for any injuries if she were not in the vehicle.

So, it's an issue that I'll be seeking to exclude any reference to pretrial whether she told the doctors that she was—that someone alleged that she wasn't in the car or not. . . .

Plaintiffs filed a motion *in limine* in which they sought among other relief (1) a ruling on their objections during Dr. Gleimer's deposition; (2) the exclusion of any reference to the accident report, defendant's observations of the number of persons in the vehicle, and any other issue with regard to whether plaintiff was a passenger at the time of the accident; and alternatively, (3) bifurcating the trial of liability from damages. Plaintiffs' attorney's certification in support of the motion, in pertinent part stated:

The basis of liability has already been stipulated and defendants should be collaterally estopped from now re-litigating the issue of whether plaintiff was a passenger, as said issue was absolutely necessary to support a judgment for liability against [defendant] by [plaintiff].

Following argument, the trial court denied the motion and held that the issue of whether plaintiff was a passenger as well as damages would be decided at the same trial. In reaching this conclusion, the trial court reasoned:

> Negligence is the act or omission; liability is the causation of that act or admission. Clearly, there has been an admission of negligence but its just as clear to me that there has not been an admission of liability; that is, proximate causation.

> Having said that, however, it is not my desire nor my intent to limit Mr. Kelley in his presentation of his case. And, in order to strike a balance, if you will, or do what I feel is procedurally appropriate, while we normally have a bifurcated trial. . . .

> \* \* \* \* \* \* \* \*

> . . . So that the negligence certainly is admitted . . . and I would find is the operative factor in causing the accident since there is nothing else—that is, the collision, there is nothing else in dispute in that regard between the parties.

> The one remaining issue with respect to liability is proximate causation. So that within my discretion, while it is our custom in Camden County to try cases in a bifurcated manner, that is pure liability in its truest sense in one action and depending on the outcome, the damage portion in a second procedure.

> The admission of negligent operation permits me, and I so find, to bring together the issues as follows: There will be a determination by the jury whether the plaintiff Irene Lindenmuth was a passenger in the vehicle because that is and has been, from what I read from those portions of the transcript submitted to me, in dispute.

> That will be the first interrogatory for the jury to answer. And, then the jury will be asked to respond in the normal fashion to the issue of damages; that is, causation of damages, as the—was the action—was the plaintiff injured? And, if she was injured, were the injuries proximately caused by the accident? And if the answers to 1, 2, and 3 are yes, then how much do they award to the plaintiff for her injuries?

At trial, defendant sought to introduce evidence that plaintiff was not at the accident scene through testimony of the investigating police officer as well as testimony and reports of ambulance officials. According to plaintiffs, on the first day of trial, defendant's counsel, for the first time, named personnel from the Stratford Ambulance Association and a "representative" of the Lindenwold Ambulance Squad as witnesses he intended to call at trial. Plaintiffs objected, claiming that "[t]hese witnesses had never been named in prior answers to interrogatories, or any

amendments up to the day of trial or had the documents or reports of the Stratford Ambulance Personnel ever been produced." The trial court ruled that defendant's counsel could not refer to this issue in his opening and that it would provide a final determination on the issue prior to the arrival of defendant's witnesses. The trial court subsequently found that this information was not intentionally withheld by defense counsel in an effort to mislead, and allowed such evidence conditioned on plaintiffs' counsel having the opportunity to depose the witnesses during a four-day trial recess.

At the conclusion of the proofs, the trial court submitted special interrogatories to the jury, the first of which read: "Was the plaintiff Irene Lindenmuth an occupant of a car owned by Anna Marie Chepress at the time of the accident?" The jury answered "No," and, therefore, the trial court entered a verdict of no cause for action. Judgment was entered accordingly in favor of defendant. Plaintiffs' motion for a new trial was denied and this appeal followed.

Plaintiffs seek a reversal of the order and a remand for a new trial, contending that (1) the stipulation of liability necessarily implied that plaintiff was a passenger in the automobile and a miscarriage of justice resulted by submitting that issue to the jury; (2) defendant violated court rules by failing to name certain witnesses in answers to interrogatories prior to trial; (3) the jury question regarding liability was misleading; and (4) there was little opportunity to *voir dire* the jury.

## I.

Plaintiffs' contend that their motion for a new trial should have been granted and a new trial ordered because defendant's stipulation of liability necessarily implied that plaintiff was a passenger and, thus, the verdict in favor of defendant was a miscarriage of justice under the law. We agree and reverse.

Preliminarily, it warrants mention that *R.* 4:49–1(a), which deals with motions for a new trial, provides:

A new trial may be granted to all or any of the parties and as to all or part of the issues on motion made to the trial judge. On a motion for a new trial in an action tried without a jury, the trial judge may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. The trial judge shall grant the motion if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law.

■ In ruling on such a motion, the trial court's obligation is to determine whether

such verdict amounts, manifestly, to a miscarriage of justice. The resolution of this ... question is reposed in the courts. Respect for our constitutional system requires that this obligation be approached, in all contingencies, with utmost circumspection, lest the courts intrude upon responsibilities which have traditionally, intentionally and constitutionally been vested in a jury of citizens.

[*Baxter v. Fairmont Food Co.*, 74 *N.J.* 588, 598, 379 *A.*2d 225 (1977).]

The legal standard of a "miscarriage of justice" has been described as

[a] pervading sense of "wrongness" needed to justify [an] appellate or trial judge undoing of a jury verdict ... "[which] can arise ... from manifest lack of inherently credible evidence to support the finding, obvious overlooking or undervaluation of crucial evidence, [or] a clearly unjust result...."

[*Id.* at 599, 379 *A.*2d 225 (quoting *State v. Johnson*, 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964)).]

■ Generally, a motion for a new trial is addressed to the sound discretion of the trial court. *Baumann v. Marinaro*, 95 *N.J.* 380, 389, 471 *A.*2d 395 (1984). However, such discretionary power cannot be exercised according to whim or caprice so as to be arbitrary, vague or fanciful, but must be governed by established principles of law and reason concerning whether justice requires that relief be given under the particular facts established in order to obtain a just result. *State v. Bunk*, 4 *N.J.* 482, 485, 73 *A.*2d 245 (1950); *Brendel v. Public Serv. Elec. & Gas Co.*, 28 *N.J.Super.* 500, 514, 101 *A.*2d 56 (App.Div.1953).

In *Dolson v. Anastasia*, 55 *N.J.* 2, 6, 258 *A.*2d 706 (1969), our Supreme Court described the process the trial court is to undertake in evaluating such motions:

A process of evidence evaluation,—"weighing"—, is involved, which is hard indeed to express in words. This is not a *pro forma* exercise, but calls for a high degree

of conscientious effort and diligent scrutiny. The object is to correct clear error or mistake by the jury.

*See also Goss v. American Cyanamid Co.,* 278 *N.J.Super.* 227, 238–39, 650 *A.*2d 1001 (App.Div.1994); *Sun Source, Inc. v. Kuczkir,* 260 *N.J.Super.* 256, 269, 615 *A.*2d 1280 (App.Div.1992), *certif. denied,* 133 *N.J.* 439, 627 *A.*2d 1144 (1993).

The scope of review for an appellate tribunal "is essentially the same" as that set forth for a trial court. *Jersey City Redevelopment Agency v. Clean–O–Mat Corp.,* 289 *N.J.Super.* 381, 400, 673 *A.*2d 1360 (App.Div.1996); *Goss v. American Cyanamid Co., supra,* 278 *N.J.Super.* at 240, 650 *A.*2d 1001; *R.* 2:10–1. In this regard, we have held that an appellate tribunal "must defer to the trial court in those areas where the trial court has expertise, or a 'feel of the case,' *e.g.,* the credibility or demeanor of the witnesses. Outside such areas, an appellate court is permitted to make an independent determination of whether a miscarriage of justice occurred." *Thomas v. Toys "R" Us, Inc.,* 282 *N.J.Super.* 569, 579, 660 *A.*2d 1236 (App.Div.) (citing *Carrino v. Novotny,* 78 *N.J.* 355, 360, 396 *A.*2d 561 (1979); *Baxter v. Fairmont Food Co., supra,* 74 *N.J.* at 597–98, 379 *A.*2d 225), *certif. denied,* 142 *N.J.* 574, 667 *A.*2d 191 (1995). *See also Goss v. American Cyanamid Co., supra,* 278 *N.J.Super.* at 240, 650 *A.*2d 1001. The "initial factfinder's judgment is entitled to considerable respect and should be overturned only after the reviewing judge has carefully scrutinized the record and determined that to uphold the judgment would result in a manifest denial of justice." *Thomas v. Toys "R" Us, Inc., supra,* 282 *N.J.Super.* at 579, 660 *A.*2d 1236 (citing *Baxter v. Fairmont Food Co., supra,* 74 *N.J.* at 597–98, 379 *A.*2d 225). *See also Goss v. American Cyanamid Co., supra,* 278 *N.J.Super.* at 240, 650 *A.*2d 1001.

Armed with these principles of review, we are satisfied that plaintiffs' motion for a new trial should have been granted. Defendant's stipulation of liability as to plaintiffs necessarily implied that plaintiff was a passenger in the automobile involved in the accident. A stipulation of liability encompasses not only an admis-

sion that the defendant is responsible for the accident, but also that the defendant is responsible to the plaintiff for all injuries and damages proximately caused by that accident. Had defendant here intended to limit or restrict the scope of the stipulation to responsibility for the accident, and thereby exclude from the stipulation responsibility for plaintiff's injuries and damages, he should have so stated when he entered the stipulation.

There can be little doubt that while defendant had stipulated liability there still remained the question as to whether plaintiff's injuries and damages were proximately caused by the accident. However, that issue is plainly not the same issue as whether plaintiff was a passenger in the automobile at the time of the accident. When defendant stipulated to liability as to plaintiffs, his admission implied that plaintiff was a passenger in the vehicle and that there only remained the issue of damages. Plaintiffs had only the burden of proving that the injuries and damages they claimed were proximately caused by defendant's conduct. *See Scafidi v. Seiler*, 119 *N.J.* 93, 101, 574 *A.*2d 398 (1990); *Dziedzic v. St. John's Cleaners and Shirt Launderers, Inc.*, 53 *N.J.* 157, 161, 249 *A.*2d 382 (1969).

Consequently, it was improper and unfair to permit defendant, after stipulating liability, to in effect contest liability by arguing that plaintiff was not a passenger in the automobile at the time of the accident. Thus, a miscarriage of justice resulted from submitting to the jury the question as to whether or not plaintiff was a passenger in the automobile. This miscarriage of justice requires a reversal of the judgment and a remand for a new trial.

## II.

■ We are also satisfied plaintiffs' motion for a new trial should have been granted on the ground that the trial court erred by permitting the Stratford Ambulance Association members to testify, over plaintiffs' objections, when their names had not been

furnished in answers to interrogatories prior to trial as required by court rules.

*R.* 4:10–2, in pertinent part, provides:

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(a) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

*R.* 4:17–7 provides:

Except as otherwise provided by *R.* 4:17–4(e), if a party who has furnished answers to interrogatories thereafter obtains information that renders such answers incomplete or inaccurate, amended answers shall be served not later than 20 days prior to the first date fixed for trial. Thereafter amendments may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court directs. In no case shall amendments be allowed at trial where it appears that the evidence sought to be introduced was known to the party seeking such leave, more than 10 days prior to trial.

Additionally, *R.* 4:18–1(a) provides:

Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on behalf of that party, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other date compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of *R.* 4:10–2 and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereon, within the scope of *R.* 4:10–2.

Here, plaintiffs had submitted interrogatories to defendant prior to trial. The interrogatories required defendant to state the names and addresses of all persons who had knowledge of any relevant facts relating to the case. Defendant responded by listing those individuals he believed had such information. Defendant, however, did not list the members of the Stratford Ambu-

lance Association. Moreover, defendant did not amend his answers to the interrogatories to include those witnesses prior to trial.

Clearly, under our discovery rules defendant had an obligation to list the names of the members of the Stratford Ambulance Association when plaintiffs originally made their discovery request and assuming their names were discovered later, to have amended his discovery answers prior to trial. *See Jenkins v. Rainner,* 69 *N.J.* 50, 56, 350 *A.2d* 473 (1976); *Harmon v. Great Atl. & Pac. Tea Co.,* 273 *N.J.Super.* 552, 557, 642 *A.2d* 1042 (App.Div.1994); *Arena v. Saphier,* 201 *N.J.Super.* 79, 90, 492 *A.2d* 1020 (App.Div.1985); *Shanley & Fisher, P.C. v. Sisselman,* 215 *N.J.Super.* 200, 216, 521 *A.2d* 872 (App.Div.1987). In *Myers v. St. Francis Hosp.,* 91 *N.J.Super.* 377, 385, 220 *A.2d* 693 (App.Div.1966), we expressly pointed out that "[t]he discovery rules are to be construed liberally, for the search for truth in aid of justice is paramount. Concealment and surprise are not to be tolerated in a modern judicial system."

While a trial court has wide discretion in deciding the appropriate sanction for a breach of discovery rules, the sanction must be just and reasonable. *Mauro v. Owens–Corning Fiberglas Corp.,* 225 *N.J.Super.* 196, 206, 542 *A.2d* 16 (App.Div.1988), *aff'd sub nom. Mauro v. Raymark Indus., Inc.,* 116 *N.J.* 126, 561 *A.2d* 257 (1989); *Brown v. Mortimer,* 100 *N.J.Super.* 395, 401, 242 *A.2d* 36 (App.Div.1968); *see also Markmann v. DeStefano,* 185 *N.J.Super.* 411, 420, 449 *A.2d* 528 (App.Div.), *aff'd,* 91 *N.J.* 285, 450 *A.2d* 592 (1982). In the exercise of that discretion, the trial court can suspend the impositions of sanctions (1) where there is an absence of a design to mislead; (2) where there is an absence of the element of surprise if the evidence is admitted; and (3) where there is an absence of prejudice which would result from the admission of the evidence. *Brown v. Mortimer, supra,* 100 *N.J.Super.* at 401–02, 242 *A.2d* 36 (citing *Branch v. Emery Transp. Co.,* 53 *N.J.Super.* 367, 375–76, 147 *A.2d* 556 (App.Div. 1958)). *See also Plaza 12 Assocs. v. Carteret Borough,* 280

*N.J.Super.* 471, 475, 655 *A.*2d 961 (App.Div.1995); *Westphal v. Guarino*, 163 *N.J.Super.* 139, 145–46, 394 *A.*2d 377 (App.Div.), *aff'd*, 78 *N.J.* 308, 394 *A.*2d 354 (1978); *Leslie Blau Co. v. Alfieri*, 157 *N.J.Super.* 173, 199, 384 *A.*2d 859 (App.Div.), *certif. denied*, 77 *N.J.* 510, 391 *A.*2d 523 (1978).

Here, accepting the trial court's findings that there was no intention to mislead, there cannot be the slightest doubt that plaintiffs were clearly surprised and prejudiced by the admission of the testimony of the Stratford Ambulance Association members. The prejudice is obvious in view of the fact that defendant had stipulated to liability which implied that plaintiff was a passenger in the automobile. We are also satisfied that while the trial court granted plaintiffs four days during a trial recess within which to conduct discovery concerning these issues, this opportunity was not sufficient to negate the prejudice which flowed from the introduction of their testimony at such a late date. The majority of the testimony by the Stratford Ambulance Association members went to the issue of whether plaintiff was present at the accident. Their testimony clearly changed the focus of the trial from one of damages to one of liability. Thus, we are satisfied that in the rather unusual circumstances of this case, the trial court mistakenly exercised its discretion in permitting the Stratford Ambulance Association members to testify when their names had not been supplied in answers to interrogatories or included in amended answers to those interrogatories. Plainly, a miscarriage of justice resulted.

### III.

Accordingly, we reverse the order denying plaintiffs' motion for a new trial, vacate the judgment in favor of defendant and remand the matter to the trial court for a new trial on all issues. Defendant shall be permitted to withdraw the stipulation of liability. In view of our decision, we need not reach the other issues raised by this appeal.