265 N.J. Super. 1 (1993)
625 A.2d 524
BERGEN COUNTY ASSOCIATES, C/O JAMES WHEAT, LIQUIDATOR, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF EAST RUTHERFORD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1993.
Decided May 19, 1993.
*3 Before Judges KING, LANDAU and THOMAS.
Kenneth A. Porro argued the cause for appellant (Porro and Porro, attorneys; Joan Atkins Porro, on the brief; Mr. Porro, on the reply brief).
Frank E. Ferruggia argued the cause for respondent (McCarter & English, attorneys; Mr. Ferruggia and Susan A. Feeney, on the brief).
PER CURIAM.
This is an appeal from a judgment of the Tax Court which severely reduced the 1990 local property tax assessment on an irregularly-shaped, unimproved 240.6 acre tract adjacent to State Highway Route 3, near the New Jersey Turnpike in the Berry's Creek area of the meadowlands of East Rutherford. The land is mostly wetlands. The original aggregate assessments were $19,978,100. They were reduced to $976,500.
On this appeal the Borough of East Rutherford raises four points: (1) the judge erred in reducing the assessments without requiring plaintiff to apply for governmental permits for development, (2) the case was not ripe for judicial review, (3) the taxpayer's proper remedy was inverse condemnation, not reduced assessments, and (4) the decision was inconsistent with Township of North Bergen v. Borough of Teterboro, 254 N.J. Super. 704, 604 A.2d 216 (Law Div. 1991). We disagree and affirm for the reasons given by Judge Crabtree in his written opinion at 12 N.J. Tax 399 (Tax 1992).
This case presented questions of credibility on the reasonable likelihood of development of the properties and the analysis of comparable sales for valuation purposes. The judge clearly accepted the credibility of the taxpayer's experts on the wetlands and the properties' development potential. Id. at 406. According *4 to the credible testimony, the application process for permits to dredge and fill wetlands had become "much stricter" in the late 1980's. Id. at 407. The judge concluded that such permits were "virtually impossible to obtain." Id. at 413. See also Bersani v. Robichaud, 850 F.2d 36 (2nd Cir.1988); Inmar Assoc., Inc. v. Borough of Carlstadt, 112 N.J. 593, 549 A.2d 38 (1988) (evaluation of polluted land); University Plaza Realty Corp. v. City of Hackensack, 12 N.J. Tax 354 (Tax 1992), aff'd, 264 N.J. Super. 353, 624 A.2d 1000 (App.Div. 1993) (fair valuation recognizes environmental hazards and regulatory restraints).
The judge also found the Borough's valuation expert's evidence "flawed in too many respects to have any probative value," and thus rejected it. 12 N.J. Tax at 412-13. On this record, he clearly was entitled to do so. The judge found that the taxpayer's well-qualified expert provided the only credible evidence of value in the case by use of the comparable sales method. Id. at 408-17. As our Supreme Court has observed, "The answer [to the valuation of property question] depends upon the particular facts and the reaction to them of experts steeped in the history and hopes of the area." City of New Brunswick v. Division of Tax Appeals, 39 N.J. 537, 544, 189 A.2d 702 (1963).
The Borough relies on the presumption of the validity of the original assessment, citing Pantasote Co. v. City of Passaic, 100 N.J. 408, 414, 495 A.2d 1308 (1985). In that case, the Tax Court "reasonably rejected the adequacy of the taxpayer's [valuation] evidence." Ibid. In the case before us, the taxpayer presented adequate and credible valuation evidence; the Borough, on the other hand, presented no reliable evidence to support the original assessment.[1]
We find no indication from this record that there has been an inverse taking. The judge found some evidence of "`solid *5 and adequate' fair market value." 12 N.J. Tax at 417, citing Florida Rock Indus., Inc. v. United States, 791 F.2d 893, 903 (Fed. Cir.1986), cert. denied, 479 U.S. 1053, 107 S.Ct. 926, 93 L.Ed.2d 978 (1987). Under our law, diminution of land value alone does not constitute a "taking." Gardner v. New Jersey Pinelands Comm'n, 125 N.J. 193, 210, 593 A.2d 251 (1991); Littman v. Gimello 115 N.J. 154, 163, 557 A.2d 314, cert. denied, 493 U.S. 934, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989). We also reject the Borough's notion that an action for inverse condemnation should replace the taxpayer's remedy of a tax appeal. We find no support in Lucas v. South Carolina Coastal Council, 505 U.S. ___, 112 S.Ct. 2886, 120 L.Ed.2d 798, 815 (1992), for such a view.
Finally, we reject the claim that Judge Crabtree's opinion was inconsistent with his opinion in Township of North Bergen v. Borough of Teterboro, supra, 254 N.J. Super. at 707, 604 A.2d 216, where two municipalities brought a constitutional challenge to the inter-municipal tax sharing formula contained in the Hackensack Meadowlands Reclamation and Development Act, N.J.S.A. 13:17-10 to -86. The judge there found that the statutory powers of the Hackensack Meadowlands Development Commission were not preempted by the Environmental Protection Agency and the Army Corps of Engineers. 254 N.J. Super. at 721-22, 604 A.2d 216. We find no inconsistency between that ruling and Judge Crabtree's rejection of the Borough's 1990 assessed value in this case.
Affirmed.
NOTES
[1] We also heard argument in Federal Pater Co. v. Borough of East Rutherford, A-6090-90T1, on March 17, 1993, just before the argument in this case. Federal Pater Co. involved an appeal by the Borough of East Rutherford from the reduction of the 1989 tax assessment of a smaller but very similar parcel of land also in the Berry's Creek area of the Meadowlands. Tax Court Judge Lasser there used a somewhat different valuation approach than Judge Crabtree used in this case. Federal Pater Co. was tried in March 1991; this case was tried in July 1991. Theoretically, the use of different approaches to valuation could lead to undesirable variations in the taxing level. The solution, of course, is consolidation of pending cases at the trial level. "The Tax Court on its own motion or on a party's motion may consolidate actions if they present a common question of law or fact, involve the same property or related properties or the same or similar proofs." R. 8:8-3(a).