PER CURIAM.
Lawrence Russo, Jr. is the owner of property in the Borough of Carlstadt described as Block 131, Lots 9.0 (5.949 acres), 9.01 (7.973 acres) and 9.02 (5.58 acres). Beginning in 1993, Russo filed yearly challenges to the real estate tax assessments of his property. In each of his complaints to the Tax Court, Russo contended that the assessment of the subject lots should be reduced from approximately $5,000,000 to $100 because the property had been “rendered virtually worthless and incapable of being used for any purpose, by virtue of the actions of federal, state and local governmental authorities.” More particularly, Russo claimed that wetlands problems, including the inability to ascertain when, if ever, certain development permits would issue, diminished the value of his property in the relevant years. Russo also asserted that the highest and best use of the property during those years was conservation.
*522 Prior to trial, the Borough’s answer was stricken for failure to furnish its appraiser’s report, as required by prior court orders. However, the Borough was permitted to participate in trial, to produce an appraisal, and to cross-examine Russo’s witnesses. During the trial, the Borough was denied the right to present as a witness, Jill Hartmann, a former planner for the lead agency which issues the development permits, to rebut the testimony adduced by Russo and his experts. Ms. Hartmann was not allowed to testify because the Borough never supplied Russo with her name or otherwise referenced her during discovery.
Ultimately, the Tax Court Judge, Judge Roger M. Kahn, issued a written decision in which he found that Russo’s appraisal expert offered the only reliable evidence of the subject property’s value in the disputed years. Accordingly, applying the chapter 123 ratio (N.J.S.A. 54:51A~6), Judge Kahn reassessed the value of Russo’s property as follows:
Valuation Date Lot 9.0 Lot 9.01 Lot 9.02 Total
10/01/92 $23,790 $31,890 $22,320 $78,000
10/01/93 $20,770 $27,830 $19,500 $68,100
10/01/94 $20,870 • $27,970 $19,575 $68,415
10/01/95 $20,840 $27,930 $19,550 $68,320
Corresponding judgments were entered on May 30,1997.
The Borough appeals, contending that Hartmann should have been allowed to testify and that the Tax Court judge erred in accepting Russo’s appraisal methodology. We have carefully reviewed this record in light of these contentions and have concluded that our intervention is unwarranted.
The exclusion of Hartmann’s testimony was based upon a serious discovery violation. In these circumstances, it is entirely within the judge’s discretion to refuse to hear the witness. Mori v. Town of Secaucus, 17 N.J.Tax 96, 100 (App.Div.1997) (citing Ratner v. General Motors Corp., 241 N.J.Super. 197, 202, 574 A.2d 541 (App.Div.1990)), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998). See also, Westphal v. Guarino, 163 N.J.Super. 139, 145, 394 A.2d 377 (App.Div.1978) (“It is well settled that failure to *523 furnish names of witnesses to be used at trial may result in the sanction of excluding their testimony”) (citing Brown v. Mortimer, 100 N.J.Super. 395, 401, 242 A.2d 36 (App.Div.1968)), aff'd, 78 N.J. 308, 394 A.2d 354 (1978). A trial court’s discretion in excluding such testimony is broad. Ratner, supra, 241 N.J.Super. at 202, 574 A.2d 541 (citing State v. Sands, 76 N.J. 127, 386 A.2d 378 (1978)). “The decision as to exclusion must stand unless so wide of the mark that a manifest denial of justice resulted.” Ibid. Where as here, a large portion of what Hartmann would have testified to was introduced through the Borough’s appraiser and his report, there is no basis to conclude that the judge’s discretionary determination to exclude her denied the Borough a fair trial. On the merits, valuation of real property for tax purposes begins with the well-settled premise that value is based upon the actual condition of the property as of the date of assessment. Hackensack Water Co. v. Old Tappan Borough, 77 N.J. 208, 213-14, 390 A.2d 122 (1978). See also, City of Newark v. West Milford Twp., Passaic County, 9 N.J. 295, 303, 88 A.2d 211 (1952); University Plaza Realty Corp. v. City of Hackensack, 12 N.J.Tax 354, 370 (Tax Ct.1992), aff'd, 264 N.J.Super. 353, 624 A.2d 1000 (App.Div.), certif. denied, 134 N.J. 481, 634 A.2d 527 (1993). Only “facts and circumstances known or knowable as of the assessment date, unaided by hindsight [,]” are to be considered in the valuation analysis. Inmar Assocs., Inc. v. Borough of Carlstadt, 7 N.J.Tax 482, 490 (Tax Ct.1985) (emphasis added) (citing New Brunswick v. Tax Appeals Div., 39 N.J. 537, 189 A.2d 702 (1963)). “Post-assessing date events are probative of true value on the assessing date only if they either corroborate pre-assessing date facts or are reasonably foreseeable on the assessing date.” Bergen County Assocs. v. East Rutherford Borough, 12 N.J.ax 399, 414 (Tax Ct.1992), aff'd, 265 N.J.Super. 1, 625 A.2d 524 (App.Div.), certif. denied, 134 N.J. 482, 634 A.2d 528 (1993).
Russo and the Borough both presented testimony at trial from expert appraisers who analyzed the value of the subject property on each of the four valuation dates. Both experts used the comparable sales approach. Russo’s expert concluded that, as *524 of the valuation dates, despite being zoned for light industrial use, the property was undevelopable because of its classification as wetlands and navigable waters. He determined that, in light of the unlikelihood that the necessary fill/development permits would ever be obtained, the highest and best use of the property on the four valuation dates in question was open space and conservation. He chose his comparables based on this assessment.
The Borough’s expert concluded that, while there were development restrictions during the relevant tax years, the property could clearly become developed within a reasonably calculated period of time. This conclusion was based upon the fact that Russo ultimately received a permit from the Army Corps of Engineers to complete filling of the property, thus allowing for development. According to the Borough’s expert, the highest and best use of the property on each of the assessment dates was future development of light industrial improvements. He chose his comparables based on this assessment which included only sales of properties having a determined highest and best-use of future development and light industrial improvement.
Judge Kahn rejected the Borough’s expert evaluation:
It is the determination of this court that the municipality’s expert appraisal report indeed values the property through hindsight in light of the granting of the necessary fill permits five months after the final valuation date in question. Post assessment factors that are not reasonably foreseeable cannot be utilized since said factors were not available to the assessor. This is especially true when there is no indication that the possibility of such an occurrence could take place. There is nothing in the record which would give rise with any reasonable degree of accuracy as to a legitimate holding period, much less four years; thus, the keystone [upon] which the municipality’s appraiser constructed his valuation approach must be eliminated leaving his remaining theory to crumble.
Since the municipality’s appraisal expert did not offer comparables of the wetlands restriction, his analysis cannot be utilized in any fashion. Accordingly, this court finds that [Russo’s] appraisal expert witness has provided the court with the only reliable evidence of value.
In other words, as the judge recognized, the issue was whether there was a reasonable degree of certainty during the tax years in question that the development permits would, in fact, be granted. Only Russo’s expert addressed this issue. He provided the judge with ample evidence to support his conclusion that on each of the *525 relevant assessment dates there was no reliable indication when, if ever, the necessary development approvals would be forthcoming, and that, on these dates, the highest and best use of the property was conservation. We affirm this decision substantially for the reasons expressed by Judge Kahn in his thorough and thoughtful opinion of April 21,1997.
We caution that this affirmance should not be taken as a holding that post-assessment events are not relevant to a determination of true value. On the contrary, so long as such events corroborate facts known or reasonably foreseeable on the assessing date, they are probative of value. Bergen County Assocs., supra, 12 N.J.Tax. at 414. This case, like all valuation cases, was fact intensive. The facts elicited at trial simply did not support the Borough’s claim that, on the assessment dates, there was a reliable indication that the necessary development approvals would be shortly issued.
The judgment under review is affirmed.