**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2323-15T1

LYNN BRANCATO,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

ROBERT A. MARTIN, COUNTRY WIDE
HOME LOANS, INC. and ADRIA VAZQUEZ,

    Defendants,

and

AUSTIN TAPIA and
DANIELLE B. TAPIA,

    Defendants-Respondents/
    Cross-Appellants,

and

AUSTIN TAPIA and DANIELLE B. TAPIA,

    Third-Party Plaintiffs-
    Cross-Appellants,

v.

FIRST AMERICAN FINANCIAL CORPORATION,

    Third-Party Defendant.

_____

Argued November 8, 2017 — Decided November 28, 2017

Before Judges Fisher and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3322-14.

Joseph W. Denneler argued the cause for appellant/cross-respondent (Salmon, Ricchezza, Singer & Turchi LLP, attorneys; Mr. Denneler, of counsel and on the brief).

Kevin G. Roe argued the cause for respondents/cross-appellants.

PER CURIAM

Plaintiff Lynn Brancato appeals from a September 22, 2015 order entered after a bench trial adjudicating disputed issues related to real estate property owned by the parties. Austin Tapia and Danielle B. Tapia (defendants) cross-appeal from a January 22, 2016 order denying their motion to amend the September 22, 2015 order. We affirm, but remand and direct the judge to amend the judgment to require recordation of defendants' deed, which conforms to her rulings reflecting plaintiff is a tenant in common with defendants and that defendants are solely responsible for a Countrywide Home Loans mortgage.

The parties tried this matter before the judge over four days in August 2015. The parties, along with Denise Lofrano, defendant Danielle B. Tapia's aunt and trustee for Robert A. Martin,

testified.  At the conclusion of the trial, the judge entered the orders under review and rendered a written opinion.

In 1986, plaintiff and Martin, who is now deceased, purchased a condominium for investment purposes and recorded a deed. Plaintiff then allowed Martin to collect rental income from the property.  In April 2003, Martin sold the property to defendants and recorded a signed deed.  The deed reflected $60,000 in consideration, although defendants paid Martin only $7500. Defendants did not perform a title search of the property before purchasing it.  Beginning in 2003, defendants collected rent from the property, and in 2006, defendants encumbered the property with a $65,000 mortgage from Countrywide Home Loans.  In August 2012, plaintiff learned of defendants' ownership interest after conducting a tax record search on the property.

On appeal, plaintiff argues the judge erred by deeming defendants' deed valid; concluding plaintiff and defendants are equal tenants in common; denying her request to eject the occupants of the property; entering a limited counsel fee award; and by denying her request to suppress defendants' pleadings.

Our standard of review requires deference to a judge's findings "unless they are so wholly unsupportable as to result in a denial of justice."  Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd o.b., 33 N.J. 78 (1960); see also Rova

Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). We conclude there exists sufficient credible evidence in the record to support the judge's findings, and that she correctly applied the law.

Plaintiff argues defendants' deed was invalid from inception as a matter of law because defendants only paid $7500. In support of that argument, plaintiff erroneously relies on the requirements for recording a deed evidencing transfer of title, N.J.S.A. 46:15-6(a), which states:

> In addition to other prerequisites for recording, no deed evidencing transfer of title to real property shall be recorded in the office of any county recording officer unless it satisfies the following requirements:
>
> a. If the transfer is subject to any fee established under [N.J.S.A. 46:15-7] or [N.J.S.A. 46:15-7.1], a statement of the true consideration for the transfer shall be contained in the deed, the acknowledgment, the proof of the execution, or an appended affidavit by one of the parties to the deed or that party's legal representative.

This statute explicitly applies to N.J.S.A. 46:15-7 and N.J.S.A. 46:15-7.1, neither of which apply here. N.J.S.A. 46:15-7 and N.J.S.A. 46:15-7.1 concern the proper tax calculation when property is transferred or conveyed. The statute does not consider the validity of a deed with a false statement of consideration.

We conclude that plaintiff's ejectment argument is without merit. The validity of the deed deems the parties to be tenants in common and provides defendants with "an undivided interest in the whole, that is, an interest that encompasses the entire property." Burbach v. Sussex Cty. Mun. Utils. Auth., 318 N.J. Super. 228, 233 (App. Div. 1999). Plaintiff has no basis under N.J.S.A. 2A:35-1 to eject defendants from the property in which they have a legal right.

Plaintiff contends the judge improperly applied the doctrine of laches limiting her recovery on her claims for conversion and unjust enrichment. She maintains that the judge erroneously reinstated defendants' suppressed answer and affirmative defenses, which allowed them to amend their pleadings to include the defense of laches. Plaintiff contends that as an original tenant in common with Martin, she was entitled to rent payments from 2003.

We review a trial judge's decision to reinstate pleadings for an abuse of discretion. Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). We apply the same standard when reviewing an order applying the doctrine of laches. Mancini v. Twp. of Teaneck, 179 N.J. 425, 436 (2004) (citation omitted). We see no such abuse here.

"If the discovery rules are to be effective, courts must be prepared to impose appropriate sanctions for violations of the

rules." Abtrax Pharms., Inc., supra, 139 N.J. at 512. However, "[t]he discovery rules are not to be used . . . to preclude a party from presenting its case when the evidence neither surprises, misleads [nor] prejudices the opposing party." Plaza 12 Assocs. v. Carteret Borough, 280 N.J. Super. 471, 477 (App. Div. 1995). Our Supreme Court has held that "drastic sanctions should be imposed only sparingly" and "dismissal with prejudice is the ultimate sanction, [which] will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Zaccardi v. Becker, 88 N.J. 245, 253 (1982).

Before trial, and at two separate motion hearings, defendants' answer and affirmative defenses were suppressed without prejudice for failing to provide discovery responses in accordance with Rule 4:23-5(a)(1). The judge, on defendants' second motion for reconsideration, reinstated their answer and affirmative defenses finding suppression to be too severe of a sanction. The judge imposed a less severe sanction of disallowing any testimony regarding the expenses that defendants produced during the trial. Following our Supreme Court's direction to impose suppression with prejudice sparingly, the judge was within her discretion to reinstate the pleadings and impose a lesser sanction. Furthermore, there is substantial credible evidence

supporting the judge's finding that defendants' failure to produce some discovery was not "deliberate and contumacious."

Plaintiff contends that because the judge reinstated defendants' pleadings, defendants were permitted to assert the affirmative defense of laches, which reduced her rent claim. "Laches is an equitable doctrine, operating as an affirmative defense that precludes relief when there is an 'unexplainable and inexcusable delay' in exercising a right, which results in prejudice to another party." Fox v. Millman, 210 N.J. 401, 417-18 (2012) (quoting Cty. of Morris v. Fauver, 153 N.J. 80, 105 (1998)). "Laches may only be enforced when the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned." Knorr v. Smeal, 178 N.J. 169, 181 (2003).

Plaintiff knew of her right to rent payments when she signed the deed with Martin, however, she testified that she did not expect to collect rent from approximately 1993, when she permitted Martin to retain all rent, to 2012. The judge explained that although she did not expect to collect rent, plaintiff had knowledge of her right, and had sufficient opportunity to assert it, but failed to do so. In her discretion, the judge applied the doctrine of laches and found plaintiff was entitled to one-half

of rent, minus applicable expenses, from 2012, when plaintiff found the deed and asserted her right.

Plaintiff next contends the judge erred by not finding defendants negligent for failing to conduct a title search. There are three elements to a cause of action for negligence: "(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div.), certif. denied, 150 N.J. 27 (1997). As a question of law, the court must determine whether a duty of care exists. Ibid. Plaintiff argues defendants had a duty to make a diligent inquiry as to confirming Martin's ownership.

In New Jersey, "parties are generally charged with constructive notice of instruments that are properly recorded." Cox v. RKA Corp., 164 N.J. 487, 496 (2000). "[C]onstructive notice arises from the obligation of a claimant of a property interest to make reasonable and diligent inquiry as to existing claims or rights in and to real estate." Friendship Manor, Inc. v. Greiman, 244 N.J. Super. 104, 108 (App. Div. 1990), certif. denied, 126 N.J. 321 (1991). "[T]he claimant will be charged with knowledge of whatever such an inquiry would uncover where facts are brought to his attention, 'sufficient to apprise him of the existence of an outstanding title or claim, or the surrounding circumstances

are suspicious and the party purposefully or knowingly avoids further inquiry.'" Ibid. (quoting Scult v. Bergen Valley Builders, Inc., 76 N.J. Super. 124, 135 (Ch. Div. 1962)).

Defendants were unaware of plaintiff's existence and had no reason to question Martin's ownership of the property. Martin was a family friend of defendants who voiced his financial struggles and defendants relied upon Martin's representation that he owned the property in fee simple. Having entered the transaction with a family friend, defendants were not provided with "sufficient [knowledge] to apprise [them] of the existence of an outstanding title or claim." Ibid. (emphasis omitted). There is no evidence suggesting that defendants purposefully and knowingly avoided further inquiry.

Plaintiff contends the judge erred by failing to award her attorney's fees. Our review of a trial judge's fee determinations is for an abuse of discretion. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (citation omitted). Generally, under the American Rule, parties pay their own legal fees based on the normative belief that "our judicial system is best served if parties are responsible for bearing their own counsel fees." DiMisa v. Acquaviva, 198 N.J. 547, 553 (2009).

Plaintiff argues the judge failed to apply the third-party exception to the rule, which states "if the commission of a tort

proximately causes litigation with parties other than the tortfeasor, the plaintiff is entitled to recover damages measured by the expense of that litigation with third parties." Jugan v. Friedman, 275 N.J. Super. 556, 573 (App. Div.), certif. denied, 138 N.J. 271 (1994). Such a plaintiff "may recover from the tortfeasor the expenses of that litigation, including counsel fees, as damages flowing from the tort." Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 505 (1983) (emphasis added) (quoting Dorofee v. Plan. Bd. of Pennsauken Twp., 187 N.J. Super. 141, 144 (App. Div. 1982)). The judge denied plaintiff attorney's fees based on her finding that Martin, not defendants, committed a tort when he purportedly transferred the property to defendants. In accordance with the exception, plaintiff may recover from Martin as the tortfeasor, not defendants.

Plaintiff further contends she should have been awarded attorney's fees because the judge found defendants and Martin converted plaintiff's share of rent from August 2012 to present, and yet failed to consider attorney's fees based on conversion. Although the judge erred, this error was harmless. Plaintiff has no basis for an award of attorney's fees and must bear her own costs. Id. at 504 (limiting an attorney's fees award to "express authorization by statute, court rule or contract").

On the cross-appeal, defendants argue the judge abused her discretion by awarding plaintiff attorney's fees for the June 9, 2015 trial call. We disagree. The parties appeared for a trial call with a different judge, who presided over the case at the time, and defendants advised they were unprepared to proceed with trial. That judge sanctioned defendants for their inexcusable failure to appear ready to proceed with trial pursuant to Rule 4:36-3(a), and awarded plaintiff $2040 for attorney's fees and costs incurred for her appearance at the trial call. At the end of trial, defendants had not yet paid, and the trial judge ordered the same sanction. Defendants contend that the trial judge misunderstood the prior judge's oral decision for sanctions. In the trial judge's January 22, 2016 order, she noted "[t]he order for sanctions on June 9 was made on the record by [the prior judge] and was never challenged by [d]efendants at that time or since, besides [after trial]." In following our review of a trial judge's imposition of sanctions, we find no injustice to warrant interference. Cavallaro v. Jamco Prop. Mgmt., 334 N.J. Super. 557, 571 (App. Div. 2000).

Defendants contend the judge erroneously found Rule 4:49-2 inapplicable and should have included a setoff for the condominium association fees paid by defendants in the final judgment. Reviewing the judge's interpretation of Rule 4:49-2 de novo,

Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we agree that the judge erroneously found Rule 4:49-2 inapplicable; however, the mistake was harmless and the judge correctly denied defendants a setoff from the condominium association fees.

Rule 4:49-2 provides "a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it." If the twenty-day limitation runs, a "court may relieve a party or the party's legal representative from a final judgment or order" under Rule 4:50-1. Following trial, the judge found that defendants filed their motion outside of the twenty-day limitation, requiring Rule 4:50-1 to be applied.

The judge erroneously found Rule 4:49-2 inapplicable. Defendants had twenty days from September 23, 2015 to file a notice of motion, specifically, by October 12, 2015. However, October 12, 2015 was Columbus Day, a legal holiday, and according to Rule 1:3-1, defendants had until October 13, 2015 to file their notice of motion, which they did. Nevertheless, the judge's mistake was harmless.

Defendants were not permitted to present any documentation as to the specific payments of condominium association fees.

Defendants did not provide these documents until trial, and as a lesser sanction of suppressing defendants' pleadings, the judge denied presentation of documents not previously submitted. Although Austin Tapia testified as to the fees, the judge did not err by excluding a setoff for the fees paid by defendants in the final judgment.

We affirm but remand for modification of the judgment consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2323-15T1