**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2025-18T4

ANTOINETTE
TUTTOILMONDO,

    Plaintiff-Appellant,

v.

HUNGMO LIN,

    Defendant-Respondent.

_____

Argued November 2, 2020 – Decided December 17, 2020

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-7154-16.

Carleen M. Steward argued the cause for appellant (Fruhschein & Steward, LLC, attorneys; Carleen M. Steward, of counsel and on the brief).

Lisa R. Marshall argued the cause for respondent (Law Offices of Viscomi & Lyons, attorneys; Lisa R. Marshall, on the brief).

PER CURIAM

Plaintiff Antoinette Tuttoilmondo appeals the January 11, 2019 order denying her motion for a new trial. The jury interrogatories in this personal injury case did not expressly provide that plaintiff's burden of proof was by a preponderance of the evidence. Plaintiff contends this omission constituted a miscarriage of justice. For reasons that follow, we affirm the trial court's order.

We glean the facts from the trial record. On September 11, 2015, plaintiff was employed as a school crossing guard. She alleges she was struck by a vehicle driven by defendant Hung-Mo Lin, who did not stop. Plaintiff alleges she sustained permanent injuries from the accident. Defendant testified she did not remember hitting anyone in the crosswalk. She received a ticket, however, for violation of N.J.S.A. 39:4-36 — failure to yield to a pedestrian in a crosswalk — that she paid.

Plaintiff filed a complaint and jury demand alleging that defendant operated her vehicle in a negligent and careless manner. The complaint requested damages for plaintiff's personal injuries. Defendant's answer denied knowledge of the accident. The case was tried to a jury over a four-day period.

Counsel for plaintiff explained the burden of proof in his opening statement. "In a civil case, the burden of proof is a preponderance of the

evidence, more likely than not, [fifty-one] percent." Later in the opening,

counsel explained to the jury:

> [T]he preponderance of the evidence is the . . . standard
> we have to prove our case by, preponderance of the
> evidence, [fifty-one] to [forty-nine], more likely than
> not, probably true.
>
>     . . . .
>
> It's not like in the O.J. case; right? The O.J. case is
> . . . a criminal case. That was beyond a reasonable
> doubt . . . . That's a lot higher standard . . . .

The judge conducted a charge conference near the end of the trial. The

court supplied counsel with a proposed charge and jury verdict sheet. The judge

explained he would be using the preponderance of the evidence standard.

The transcript[1] indicates the proposed verdict sheet included three

questions: "[w]as . . . defendant negligent in the operation of her vehicle? . . .

[W]as the negligence a proximate cause of the accident on September 11, 2015

. . . [D]id plaintiff sustain a permanent injury . . . as a proximate result of the

accident?"

Counsel for plaintiff objected to the verdict sheet:

> And — one more thing, Judge. The jury verdict sheet
> is kind of confusing in the way it states: "Did
> Antoinette Tuttoilmondo, plaintiff, prove that Hung-

---

[1] The verdict sheet was not included in the appendix.

Mo Lin, defendant was negligent?" I would — I think they're going to maybe read that [as] did she prove it was from the — from the witness stand. I think it's more appropriate to say did plaintiff prove Hung-Mo Lin. Then they'll think it as — as me and her together. Or was Hung-Mo Lin negligent. But if you put down "did Antoinette Tuttoilmondo, plaintiff, prove" I'm afraid they're going to read that as from — from her testimony.

The trial judge declined to modify the verdict sheet.

Plaintiff's and defendant's counsel both referred to the burden of proof in their closing arguments to the jury. Defendant's counsel argued:

I submit to you that the evidence in this case fails to show that it was my client who was involved in the accident with the plaintiff. It is the plaintiff's burden of proof. If it's [fifty/fifty], then . . . you decide in favor of the defendant. The plaintiff . . . [has] to . . . show that it's more likely than not that it was my client who was involved in this accident.

Plaintiff's counsel argued in closing:

I told you earlier that this case is . . . we have to prove our case by a preponderance of evidence. [Fifty-one] to [forty-nine]. If Antoinette proves her case by [fifty-one] to [forty-nine], we've proved our case. I'm saying we proved it by a lot more, but all she has to prove it is [fifty-one/forty-nine].

So there's a verdict sheet. This verdict sheet has four questions. One of them is—same questions I gave you. Did the defendant cause the accident? Did the accident cause the injuries? Did the negligence cause the accident? Did the negligence cause the injuries?

4

Following the closing arguments, the trial court instructed the jury on the law. The court explained that the burden of proof was on plaintiff and that it could be satisfied by a preponderance of the evidence. The court explained the preponderance of the evidence standard:

> [n]ow, the party with the burden of proof—in this case, the plaintiff—has to sustain her burden by a standard called the preponderance of the evidence.
>
> To sustain it, it means the evidence that supports her claim, the evidence favoring the plaintiff, must be greater than and be more persuasive in your minds than contrary evidence. It makes no difference if the weight is small or large, if—it's like a scale. If the scale tips in favor of the plaintiff, the plaintiff is entitled to a verdict. As long as the evidence supporting the claim weighs heavy in your minds, it is the quality of the evidence, not the quantity, which governs.
>
> However, if you find that the evidence is equal in weight—in other words, if you can't tell whether or not the plaintiff has proven that the defendant was negligent and that her negligence caused the accident and her injuries—then your verdict must be for the defendant.

The trial court referenced the preponderance of the evidence standard again when instructing the jury on negligence.

> [I]f you find that the defendant was negligent and that the defendant caused injuries to the plaintiff, that the negligence was a proximate cause of the plaintiff's injuries, then the plaintiff must prove, in order to

5

recover damages for those injuries, by a . . . preponderance of evidence, that she sustained injuries . . . which [is] a permanent injury within a reasonable degree of medical probability.

The court explained to the jury that there was a jury verdict sheet to assist them and read the questions to the jury as follows:

> Question number one. Did Antoinette Tuttoilmondo, plaintiff, prove that Hung-Mo Lin, defendant, was negligent at the time of the accident on September 11, 2015?
>
> . . . .
>
> Two. Did Antoinette Tuttoilmondo, plaintiff, prove that the negligence of . . . Hung-Mo Lin, defendant, was a proximate cause of the accident?
>
> . . . .
>
> Three. Did Antoinette Tuttoilmondo, plaintiff, prove that she sustained a permanent injury as a proximate result of the September 11, 2015 accident?

Following deliberations, the jury returned a no-cause verdict against plaintiff finding on question one that she was not negligent. The verdict sheet explained the jury did not have to answer the other questions if number one was "no."

Plaintiff filed a motion for a new trial arguing the verdict sheet was deficient. Counsel did not mention that preponderance of the evidence was omitted. He argued that use of the word "prove" in the instructions "means proof

beyond a reasonable doubt, mathematical proof." He argued "in this case the word 'prove' raised the standard, and therefore, the jury was not able to go forward with the . . . rest of the questions."

The trial court rejected plaintiff's arguments. The court found that

> [p]roof is what the plaintiff must do. And that's the charge. It was reiterated in the openings. It was reiterated in the closings. Both counsel in the openings and closings gave the burden of proof. The [c]ourt gave the burden of proof.
>
> To prove does not elevate it in any way. There is no possibility that any jury would ever be misled into thinking it became an enhanced burden of proof.
>
> I find that the interrogatory was appropriate, and that there was no possibility the jury could have been confused, and, therefore, the motion is denied.

On appeal, plaintiff raises these issues:

> POINT I
>
> THE FAILURE TO INCLUDE THE BURDEN OF PROOF ON THE JURY VERDICT SHEET RESULTED IN A MISCARRIAGE OF JUSTICE UNDER THE LAW.
>
> POINT II
>
> A DE NOVO REVIEW OF THE TRIAL JUDGE'S DECISION IS PROPER WHERE THE ISSUE INVOLVES A QUESTION OF LAW.

7

Our standard of review of a trial court's denial of a motion for a new trial is "substantially the same as that controlling the trial court except that due deference should be made to its 'feel of the case,' including credibility." Feldman v. Lederle Lab'ys., 97 N.J. 429, 463 (1984). "A trial court's determination is 'not reversed [by an appellate court] unless it clearly appears that there was a miscarriage of justice under the law.'" Ibid. (alteration in original) (quoting R. 2:10–1). A miscarriage of justice exists when a "pervading sense of 'wrongness'" justifies the "undoing of a jury verdict . . . ." Lindenmuth v. Holden, 296 N.J. Super. 42, 48 (App. Div. 1996) (quoting Baxter v. Fairmont Food Co., 74 N.J. 588, 599 (1977)). It is a verdict that "shock[s] the conscience of the court and convince[s] it that to sustain the verdict would be manifestly unjust." Feldman, 97 N.J. at 462 (alterations in original) (quoting Carrino v. Novotny, 78 N.J. 355, 366 (1979)).

Plaintiff argues the no-cause verdict was a miscarriage of justice because it was in conflict with the evidence. Plaintiff urges us to review the trial court's denial of a new trial under the de novo standard of review because she contends a question of law has been raised. Plaintiff argues the verdict sheet should have said plaintiff had the burden of proof by a preponderance of the credible

evidence. Without explaining the burden of proof, she contends it is not possible to know if the jury applied the appropriate burden of proof.

"The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact" by submitting "written questions which can be categorically or briefly answered . . . ." R. 4:39-1. The purposes served by jury interrogatories are: "to require the jury to specifically consider the essential issues of the case, to clarify the court's charge to the jury, and to clarify the meaning of the verdict and permit error to be localized." Ponzo v. Pelle, 166 N.J. 481, 490-91 (2001) (quoting Wenner v. McEldowney & Co., 102 N.J. Super. 13, 19 (App. Div. 1968)). The questions to the jury are to be clear. Benson v. Brown, 276 N.J. Super. 553, 565 (App. Div. 1994). "Ordinarily, 'a trial court's interrogatories to a jury are not grounds for reversal unless they were misleading, confusing, or ambiguous.'" Ponzo, 166 N.J. at 490 (quoting Sons of Thunder v. Borden, Inc., 148 N.J. 396, 418 (1997)). In reviewing the verdict sheet for reversible error, the court "should consider it in the context of the charge as a whole." Id. at 491. The Court noted in Ponzo that if the jury charge is "accurate and thorough" that this "often can cure the potential for confusion that may be present in an interrogatory." Ibid.

We review this verdict sheet in the context of the jury instructions. Plaintiff does not argue that the verdict sheet was misleading. Her claim is that the verdict sheet raised the burden of proof by using the word "prove" and by omitting the phrase "preponderance of the evidence." Even if counsel intended this objection to raise the same issue argued on appeal, there is no basis to find this omission constituted a miscarriage of justice warranting a new trial.

Plaintiff cites no authority that requires the jury verdict sheet to include the burden of proof in the questions. The judge correctly explained the burden of proof to the jury. The jury needed to apply only one burden of proof. Both counsel referenced the burden of proof in their openings; plaintiff's counsel referenced the burden and the verdict sheet in his closing arguments. They both discussed what was meant by the preponderance of the evidence. In this context, where the jury instructions are unchallenged, where the instructions were clear and thorough, and where the jury verdict sheet was not misleading, plaintiff simply has not shown there was any error that constituted a miscarriage of justice.

Plaintiff has taken out of context and misconstrued the trial judge's off-handed comment to the jury at the outset of the instructions that "[y]ou're not going to be able to remember everything I tell you . . . ." This statement was

followed by "but between the six of you who are deliberating, all six of you will remember everything."  Our jurisprudence assumes that the jury applies the law as instructed.  Cohen v. Cmty. Med. Ctr., 386 N.J. Super. 387, 399 (App. Div. 2006).

Plaintiff argues that because the verdict sheet used the word "prove" that the jury could apply a burden of proof more stringent than the preponderance of the evidence.  She cites no support for that assumption.  The jury was instructed by the judge on just one burden of proof — preponderance.  We have every reason to think the jury would apply what they were instructed.  Ibid.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2025-18T4