193 N.J. Super. 672 (1984)
475 A.2d 663
OLGA KOZLOWSKI, PLAINTIFF-APPELLANT,
v.
VICTOR SMITH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1984.
Decided April 24, 1984.
*673 Before Judges PETRELLA and BRODY.
*674 Jeffrey M. Keiser argued the cause for appellant (Ballen, Keiser, Denker Bor & Gertel, attorneys; Jeffrey M. Keiser on the brief).
Charles A. Little argued the cause for respondent (Fratto, Little, Alessi & Abbott, attorneys; Charles A. Little on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
In July 1980 plaintiff brought this action against various parties she contends negligently caused an automobile accident in which she suffered personal injuries. About the same time she commenced a separate action against Home Indemnity Company (Home) for PIP benefits related to the same accident. Home had refused to pay expenses for a cardiac condition plaintiff contended was caused by the accident. The PIP action was concluded by the entry of a final order in March 1982 dismissing the complaint "with prejudice." In dismissing the complaint the trial judge concluded that Home "is not liable for payment of the outstanding medical expenses or for any continuing medical expenses to be incurred by plaintiff related to the care and treatment of her cardiac condition." The judge rested his conclusion upon a finding that "the evidence presented in this case has not established that the accident caused the cardiac problem...." Plaintiff did not appeal.
In June 1982 the trial court in this action entered an order "that all testimony concerning the plaintiff's cardiac condition is barred." The judge was satisfied that plaintiff is collaterally estopped from recovering in this action for her cardiac condition because of the adverse adjudication of that issue in the PIP case. We granted plaintiff's motion for leave to appeal and affirm.
A party will be collaterally estopped from relitigating an issue adjudicated on the merits against that party in a prior action. State v. Gonzalez, 75 N.J. 181, 189 (1977). That is the *675 case here. The doctrine of collateral estoppel is available to prevent a litigant in a personal injury tort action from relitigating a fact issue determined against that litigant in a PIP action. See Armijo v. Metropolitan Transp. Auth., 77 App.Div.2d 580, 431 N.Y.S.2d 994 (App.Div. 1980).
Collateral estoppel is an equitable doctrine and therefore will not be applied when it is not fair to do so. State v. Gonzalez, supra, at 191. Plaintiff offers no valid reason for not applying it here. In her brief she contends that she "did not have the opportunity to have his [sic] witnesses expand upon the written opinions submitted, nor did plaintiff have the opportunity to have counsel cross-examine the defendant's physician." The fact is that plaintiff was represented by her personal attorney in the PIP action and as the judge there noted, "The parties elected to submit the issue to the court for determination based upon the medical records and reports." Plaintiff had a full opportunity to present whatever evidence she had in whatever manner she chose. She had her "day in court" on the issue in question. McAndrew v. Mularchuk, 38 N.J. 156, 161 (1962).
Plaintiff further argues that as a result of further testing she now has evidence of causal connection that she did not have when the PIP case was decided in 1982. Collateral estoppel will not be applied "where, after the rendition of the judgment, events or conditions arise which create a new legal situation or alter the rights of the parties." Washington Tp. v. Gould, 39 N.J. 527, 533 (1963). Plaintiff does not claim that the test results she now has were unobtainable during the 20 months her PIP case was pending. Evidence reasonably obtainable before rendition of the prior judgment cannot be considered post-judgment "events or conditions" that would bar application of the doctrine of collateral estoppel.
Affirmed and remanded for trial.