820 A.2d 65 (2003)
359 N.J. Super. 353
Anthony FAMA, II, Beverly A. Fama and Rodney Fama, Plaintiffs-Appellants,
v.
David S. YI and Selective Insurance Company, Defendants-Respondents, and
Yuson Kang, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 2003.
Decided April 7, 2003.
*66 Richard C. Swarbrick, Piscataway, argued the cause for appellants.
John J. Kapp argued the cause for respondent David S. Yi (David E. Rehe & Associates, attorneys; Mr. Kapp, on the brief).
Elizabeth R. Brennan, Newark, argued the cause for respondent Selective Insurance Company (Romando, Astorino, McLarty & DeMille, attorneys; Ms. Brennan, of counsel and on the brief).
Before Judges STERN, COBURN and ALLEY.
The opinion of the court was delivered by *67 ALLEY, J.A.D.
This appeal arises from the trial of a personal injury claim of plaintiff Anthony Fama, II (to whom we refer as "plaintiff" in the singular), against defendant David S. Yi for personal injuries sustained as the result of a car accident. Yi stipulated to liability prior to trial, but the jury found that plaintiff's injuries were not proximately caused by the accident. On appeal, plaintiff challenges various evidentiary rulings made by the court as well as the structure of the jury interrogatories, and claims that the verdict was against the weight of the evidence.
Plaintiff also appeals from summary judgment entered in favor of defendant Selective Insurance Company, his personal injury protection benefits (PIP) carrier. The court held that the jury verdict collaterally estopped plaintiff from arguing that his medical expenses or loss of income were due to the accident. We affirm in all respects.
Plaintiffs Anthony Fama, II, Beverly A. Fama, and Rodney Fama, filed a three-count complaint on February 18, 1999, in the Law Division against defendants David S. Yi, Yuson Kang, and Selective Insurance Company (Selective). The first count sought damages for personal injuries sustained by plaintiff in an October 27, 1997, car accident, in which he was driving a car owned by his parents, Beverly and Rodney Fama, and defendant Yi was driving a car owned by defendant Kang. The second count sought compensation for property damages to plaintiff's parents' car, and the third count sought PIP benefits from defendant Selective.[1]
At the trial in April 2001 before Judge Ann G. McCormick and a jury on plaintiff's personal injury claims against defendant Yi, Yi stipulated to liability. The jury returned a verdict finding that plaintiff did not sustain an injury proximately caused by the accident in question, and the judge entered a judgment of no cause of action on May 4, 2001.
On July 20, 2001, the court denied plaintiff's motion for a new trial or judgment n.o.v., denied plaintiff's motion for summary judgment against defendant Selective, and granted defendant Selective's cross-motion for summary judgment.
When the subject accident occurred on October 27, 1997, plaintiff was twenty-four and defendant Yi was twenty. Allegedly Yi "flew by" a stop sign and collided with plaintiff with a heavy impact. Plaintiff claimed that the car he was driving, which belonged to his parents, was totaled and was twisted from having its rear-end ripped out. Yi disagreed, declaring the impact "slight." The extent and causation of plaintiff's injuries were sharply contested and were the subject of extensive testimony. The jury members heard plaintiff and his expert testimony on this subject, as well as defense expert testimony. They also heard testimony that plaintiff had had other accidents and other hospital visits, not all of which he was able to remember.
On appeal, plaintiff asserts that the court erred in its restriction of his cross-examination of defendant Yi regarding the accident and in allowing Yi to give alleged "expert" testimony regarding the impact of the vehicles and that the jury verdict was against the weight of the evidence. He further contends that the court erred in giving the jury only one interrogatory, even though plaintiff had sustained injuries *68 in more than one car accident, in allowing one of the defense experts to testify beyond the scope of his expertise, in failing to redact from plaintiff's hospital records a reference to plaintiff's prior incident with the police and allowing defense counsel to cross-examine plaintiff on this subject, and in granting summary judgment to defendant Selective and denying plaintiff's motion for summary judgment for PIP benefits.
With respect to all contentions raised by plaintiff on appeal, except the PIP summary judgment issues that we discuss below, we are satisfied that plaintiff has raised no issue of sufficient merit to warrant discussion in a written opinion and we affirm pursuant to R. 2:11-3(e)(1)(E). We add only the following. The trial court did not abuse its discretion in allowing the jury to hear from Yi as to the impact, or in its alleged restriction of plaintiff's cross-examination of Yi. Moreover, the motion for a new trial based on the weight of the evidence is one addressed to "the sound discretion of the trial court[,]" Lindenmuth v. Holden, 296 N.J.Super. 42, 48, 685 A.2d 1351 (App.Div.1996), certif. denied, 149 N.J. 34, 692 A.2d 48 (1997). We review such determinations essentially on the same standard as the trial court must employ pursuant to R. 4:49-1(a). See R. 2:10-1. Particularly in view of genuine issues presented to the jury regarding the extent and causation of plaintiff's injuries, this record presents no basis for us to determine that the jury verdict was against the weight of the evidence or that the trial court erred in denying plaintiff's new trial motion.
We next address the summary judgment that was rendered in favor of Selective, the PIP carrier, and the denial of plaintiff's motion for summary judgment against Selective. Essentially, the question is whether the trial court properly concluded that plaintiff was collaterally estopped, by virtue of the jury verdict in the trial against Yi, from arguing that the accident in question proximately caused his injuries.
Although we have located no case holding that a determination in a personal injury action will have collateral estoppel effect in a PIP proceeding, we have found collateral estoppel in the opposite setting. In Kozlowski v. Smith, 193 N.J.Super. 672, 675, 475 A.2d 663 (App.Div.1984), we held that the doctrine of collateral estoppel is available to prevent a litigant in a personal injury tort action from relitigating a fact issue determined against him or her in a PIP action. In that case, in the prior PIP action the trial judge had found the insurance company not liable for past or continuing medical expenses to be incurred by the plaintiff related to her cardiac condition because the evidence presented did not establish that the accident had caused that condition. Id. at 674, 475 A.2d 663. We found that the plaintiff had the full opportunity at the PIP hearing to present whatever evidence she had in whatever manner she chose and that there was no valid reason for not invoking collateral estoppel against her. Id. at 675, 475 A.2d 663.
Collateral estoppel applies if the issue decided in the prior action is identical to the one presented in the subsequent action, if the issue was actually litigatedthat is, there was a full and fair opportunity to litigate the issuein the prior action, if there was a final judgment on the merits, if the prior determination was essential to the judgment, and if the party against whom preclusion is asserted was a party, or in privity with a party, to the proceeding. Pace v. Kuchinsky, 347 N.J.Super. 202, 215, 789 A.2d 162 (App.Div.2002); Barker v. Brinegar, 346 N.J.Super. 558, 567, 788 A.2d 834 (App.Div.2002). The doctrine will not be applied, *69 however, where it is unfair to do so. Pace, supra, 347 N.J.Super. at 215, 789 A.2d 162; Barker, supra, 346 N.J.Super. at 566, 788 A.2d 834. In deciding whether to invoke the doctrine, a court should consider whether the party against whom it is asserted could not obtain review of the prior judgment, whether the quality or extent of the two proceedings was different, and whether it was not foreseeable at the time of the prior action that the issue would arise in subsequent litigation. Pace, supra, 347 N.J.Super. at 216, 789 A.2d 162. Also, a court should consider whether new evidence has become available which could likely lead to a different result. Barker, supra, 346 N.J.Super. at 567, 788 A.2d 834.
For example, in Pace we refused to apply collateral estoppel against a plaintiff in a car accident case in favor of the defendant/tortfeasor where the real party in interest in the prior arbitration proceeding had been the insured's doctor, as assignee of the insured's PIP claim. 347 N.J.Super. at 217, 789 A.2d 162. We noted that the doctor's overriding interest in the arbitration proceeding had been payment of his outstanding bill, not the plaintiff's overall damage claim or future need for surgery, and that the plaintiff's attorney had not been present at the prior proceeding. Ibid. Moreover, it was not foreseeable at the time of arbitration that the determination made by the arbitrator, that degenerative problems caused the plaintiff's back problem rather than the accident, would forever preclude the plaintiff from pursuing his pending third party claim for pain and suffering against the tortfeasor. Id. at 211, 217-18, 789 A.2d 162.
In Barker we also rejected a claim that an adverse causation determination by a PIP arbitrator should collaterally estop a car accident plaintiff from introducing evidence in a personal injury action regarding spinal injuries suffered in that accident. 346 N.J.Super. at 567, 788 A.2d 834. In that case, the record demonstrated that the plaintiff had made diligent but unsuccessful efforts to obtain a doctor's supplementary report prior to the arbitration proceeding. Id. at 567-68, 788 A.2d 834. We also noted that it is one thing to deny a plaintiff PIP benefits, but another to deny him or her the opportunity to recover for any disability or pain and suffering. Id. at 568, 788 A.2d 834.
Neither Barker nor Pace precludes the application of collateral estoppel against plaintiff here. Unlike Barker, this is not a case where plaintiff obtained new evidence regarding causality which was likely to change the result. Moreover, unlike Pace, plaintiff was the actual party in interest in the first action and, with the assistance of an attorney, actively pursued his claim that the accident caused his injuries. Additionally, in contrast to both Barker and Pace, the prior action here was not a PIP arbitration or adjudication, but a full-blown jury trial. In these circumstances, we essentially agree with the trial court's determination that the jury verdict collaterally estopped plaintiff from arguing that he was entitled to PIP benefits.
Finally, we note that under N.J.S.A. 39:6A-5(g), PIP benefits are deemed "overdue if not paid within 60 days after the insurer is furnished written notice of the fact of a covered loss and of the amount" of the loss.[2] Interest accrues on overdue payments. The Supreme Court has pointed out that the No-Fault Act "was enacted primarily to assure that injured plaintiffs are compensated promptly for medical treatment resulting from injuries received in an automobile accident." *70 Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 324, 744 A.2d 175 (2000), citing Automobile Insurance Study Commission, Reparation Reform for New Jersey Motorists at 7 (December 1971), which stated that one of four objectives of No Fault Law is to ensure "the prompt and efficient provision of benefits for all accident injury victims."
In view of this unmistakable legislative requirement of expeditious payment of PIP claims, we emphasize that nothing in our holding in this case is intended to provide a basis for delaying PIP payments until after cases are tried on pain and suffering claims in instances where causation may be in issue.
Affirmed.
NOTES
[1] All defendants responded to the complaint, and Kang later obtained a summary judgment of dismissal. It is undisputed, moreover, that the claims of plaintiff's parents for property damage to the vehicle were resolved by way of summary judgment entered on December 3, 1999. Those claims are not at issue on appeal.
[2] This section also allows the insurer to request a one-time extension of not more than forty-five days to investigate the claim or to proceed toward arbitration.