**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3859-21

IN THE MATTER OF THE
CERTIFICATES OF BRETT
HOLEMAN, STATE BOARD
OF EXAMINERS, NEW JERSEY
DEPARTMENT OF EDUCATION.

_____

Submitted April 30, 2024 – Decided May 16, 2024

Before Judges Natali and Bergman.

On appeal from the New Jersey Commissioner of Education, Docket No. 8-11/21A.

Brett Holeman, appellant pro se.

Matthew J. Platkin, attorney for respondent Commissioner of Education (Melissa H. Raksa, Assistant Attorney General, of counsel; Sadia Ahsanuddin, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Brett Holeman appeals from a June 23, 2022 final agency decision of the New Jersey Acting Commissioner of Education (the Commissioner) that upheld a determination by the New Jersey State Board of

Examiners (Board of Examiners) to suspend his school psychologist certificate for six months. After a thorough review and consideration of the record, the parties' arguments, and the applicable legal principles, we affirm the Acting Commissioner's decision as it is supported by the evidence and appellant makes no showing it is arbitrary, capricious, or unreasonable.

I.

Appellant began working as a school psychologist for the Freehold Regional High School District Board of Education (the Board) in 2004, and obtained tenure in 2007. At all relevant times, he held a New Jersey Department of Education school psychologist standard certificate.

A series of events in the spring of 2016 led to the deterioration of the relationship between appellant and school staff and administration. After it received complaints related to appellant's purported improper behavior, the Board sent appellant a memorandum informing him of the allegations and the scheduling of an investigatory conference.

In its memorandum, the Board maintained appellant: (1) "[e]ngaged in inappropriate behavior (. . . comments, language and expressions), including the use of profanity, reference to sexual activity in front of students[, and] the use of extreme volume with students and parents within a confidential counseling

environment;" (2) "[m]ade repeated derogatory and demeaning remarks about and to colleagues and supervisors;" (3) "[e]ngaged in erratic and concerning behaviors that intruded into and unnecessarily disrupted the workplace of colleagues;" (4) "[j]eopardized the State mandated testing environment to which he was assigned;" (5) "[d]emonstrated an overall lack of respect for authority;" and (6) "[d]isregarded the [Board]'s organizational plan and failed to observe or use proper chain of command when raising issues or concerns."  Following the conference, the Board placed appellant on administrative leave and directed him to undergo a psychiatric evaluation and drug screening.[1]

In August 2016, the Board brought tenure charges against appellant in which it again expressed "concerns" with his "erratic, volatile, and overall troubling behavior."  The Board also detailed "a series of inappropriate and unethical conduct and behavior that dates back as far . . . as [appellant's] initial application for employment."  After unsuccessful efforts to amicably resolve the dispute, an arbitrator conducted hearings over twelve days between January and March 2017 to address the tenure charges.

---

[1]  The record indicates appellant's psychological evaluation determined him fit to return to work, and his drug test was negative.

The arbitrator rendered an Award (Award) sustaining many of the charges and the Board subsequently terminated appellant from his position. The arbitrator concluded appellant "engaged in inappropriate behavior as a school counselor and a professional, habitually making disparaging and demeaning remarks about colleagues, staff members and administration, and fail[ed] to meet his professional obligations to special education students." He also found appellant "accepted a counseling fee from the parents of a then current student in 2013," and noted he admitted using "his Freehold Borough High School email address on occasion to set up or manage appointments for his private counseling practice."

Further, the arbitrator concluded appellant violated a student's confidentiality by sharing information about the student with his wife. While the arbitrator never found appellant had an inappropriate relationship with any student, he commented the content of certain emails appellant sent to students "could have been more carefully thought out." In addition, the arbitrator determined appellant "did not always exercise good judgment, especially in regard to comments concerning colleagues and administrators." He also noted appellant "omitted his brief employment with the West Morris Regional High School on his application," but characterized the charge as "stale," and noted the

4

Board could have, but did not, inquire about the prior employment when appellant applied for his position.

In sum, the arbitrator concluded, "[t]he statements and testimony contained in the hearing record show a breakdown in [appellant's] relationship with colleagues and administrators," and reasoned it would be inappropriate to reinstate appellant to his prior position because "[i]n order to effectively serve the needs of students it is important that the Guidance Department function free of conflict" and the "record indicates irrevocable differences between the administration, staff members," directly caused by appellant's conduct.

Appellant filed an order to show cause seeking to vacate the Award in the Chancery Division. After considering the parties' submissions and oral arguments, the court rejected appellant's application and confirmed the Award. In doing so, the court found the arbitrator applied the correct legal standard, did not violate N.J.S.A. 2A:24-8, the evidence established that plaintiff engaged in misconduct, termination was appropriate, and there was no violation of public policy.

Appellant then challenged the court's decision before us and argued the Award should be vacated as it was procured by undue means; the arbitrator exceeded or imperfectly executed his powers in applying the proper standard

5

and burden of proof; the Award was not based on substantial credible evidence; and the Award was inconsistent with public policy. We rejected appellant's arguments and affirmed. See Holeman v. Freehold Regional High School District Board of Education, No. A-1778-17 (App. Div. Nov. 29, 2018).

In doing so, we expressly found there was "sufficient credible evidence in the record by which the arbitrator could have decided that plaintiff engaged in unbecoming conduct." We specifically cited to the arbitration record where one of appellant's former colleagues testified she had concerns referring future students to appellant due to his inappropriate actions toward students.

We also noted a Freehold Regional Education Association representative stated appellant previously "got in her face and seemed very confrontational," and the Association President was called into meetings because appellant's co-workers were "afraid" of him and "didn't know exactly what he was going to do." In addition, appellant's former colleagues contacted the principal with concerns regarding appellant and testified he made them feel uncomfortable on different occasions. The Director of Personnel for the Board stated she felt that appellant's behavior was "malicious," and his former supervisor testified she feels appellant "is a liar, and . . . an unprofessional staff member as a whole."

In addition, we noted a guidance counselor testified a student confided in her appellant used a derogatory term to refer to the student's ex-girlfriend and encouraged the student to "go off to college" and have sex with "[forty] girls." He also allegedly recommended the student read a "profanity-filled self-help book."

Further, students confided in other administrative employees they no longer felt comfortable working with appellant. On this point, appellant sent emails to students calling them "baby" and "little girl," and allowed them to call him "luv." He received an email from one student inquiring whether he wanted the student to "mail or email [him] a picture," and responded either would be fine. Appellant offered to take another student out to lunch to the on-campus student culinary restaurant during the week with his daughters. He also frequently used profanity in email correspondences with students.

In May 2020, the Board of Examiners filed an application with the New Jersey Department of Education requiring appellant show cause why his school psychologist certificate should not be revoked "as a result of the unbecoming conduct proven in the tenure proceeding." The order to show cause detailed the history of the previously filed tenured charges, explained the charges had been decided by an arbitrator, and noted the arbitrator found reinstating appellant was

inadvisable because "the record indicate[d] irrevocable differences between administration, staff members and [appellant]." The order to show cause further correctly noted as a result of the arbitrator's decision, appellant was dismissed from his position.

Appellant submitted an answer and argued just cause did not exist for the revocation of his certificate. He admitted he was subject to tenure charges but denied the allegations.

The Board of Examiners determined there appeared to be no material facts in dispute and, consistent with N.J.A.C. 6A:9B-4.6(d) and (e), sent appellant a hearing notice explaining its determination and notifying him of his opportunity to submit written arguments and appear before the Board of Examiners. Appellant filed a written response and was represented by counsel.

In a detailed written decision, the Board of Examiners determined it "was constrained by collateral estoppel to accept the facts as found in the tenure hearing and therefore no material facts related to appellant's offense were in dispute." As such, the Board of Examiners concluded a summary decision was warranted under N.J.A.C. 6A:9B-4.6(h), and determined appellant's conduct "represents just cause to act against his certificates pursuant to N.J.A.C. 6A:9B-4.5."

Based on the findings from the tenure proceeding, the Board of Examiners found appellant's conduct "unfitting of a role model," and suspended his school psychologist certificate for six months. The Board of Examiners noted revocation of his certificate was not appropriate as appellant had "no record of previous discipline for similar conduct, or other inappropriate conduct in his employment history with Freehold," and "the [a]rbitrator's [d]ecision as to penalty was predicated on the breakdown in relationship[s] between [appellant] and his colleagues and less so the nature of his conduct."

Appellant appealed the Board of Examiners' suspension order to the New Jersey Commissioner of Education. While his appeal was pending, appellant filed a motion to settle the administrative record on appeal pursuant to N.J.A.C. 6A:4-2.5(a), seeking to include the transcripts from his tenure hearing in the record and to exclude certain other documents.

The Acting Commissioner denied appellant's application. With respect to the evidence appellant sought to exclude, the Acting Commissioner determined the documents "were part of the evidence that was on file with the Board [of Examiners] and [were] therefore appropriately included in the record." The Acting Commissioner also noted the transcripts were properly excluded from the record because they were not "part of the evidence on file with the Board [of

Examiners]." The Acting Commissioner explained while N.J.A.C. 6A:4-2.5(a) states transcripts are to typically be included as part of the administrative record, "that provision refers to transcripts from the proceedings before the Board [of Examiners] that led to the decision being appealed, not to transcripts from a separate proceeding that were never submitted to the Board [of Examiners]."

On June 23, 2022, the Acting Commissioner issued a final agency decision and concluded "the record adequately support[ed] the Board[ ] [of Examiners'] determination that appellant engaged in unbecoming conduct and that a six-month suspension of his certificate [was an] appropriate penalty." As the Acting Commissioner explained, "[t]he majority" of appellant's arguments "take issue with the decision of the [a]rbitrator regarding the tenure charges," but agreed with the Board of Examiners that collateral estoppel procedurally barred appellant "from relitigating the issue of unbecoming conduct" as he "had a full and fair opportunity to contest those charges during the tenure proceeding." The Acting Commissioner also found there was "no basis to dispute the [a]rbitrator's findings, particularly when those findings have been affirmed by the Appellate Division."

The Acting Commissioner rejected appellant's argument his loss of tenure and previous good record should mitigate his penalty, and explained, "N.J.A.C.

6A:9B-4.5(a) specifically contemplates that, following a teacher's loss of tenure or employment, the Board [of Examiners] may initiate proceedings to suspend or revoke the teacher's certificates." As the Acting Commissioner reasoned, the potential consequences related to unbecoming conduct charges may include both loss of tenure and suspension of certificate, and the imposition of one penalty does not mitigate the other. Acknowledging appellant's lack of prior discipline, the Acting Commissioner concluded that particular finding "does not fully mitigate the penalty," but rather served "to reduce the possible penalty from revocation to a six-month suspension."

In sum, the Acting Commissioner determined appellant failed to demonstrate the Board of Examiners' decision to suspend his certificate based on the unbecoming conduct established during the tenure proceeding was arbitrary, capricious, or unreasonable. This appeal followed.

II.

In his pro se brief on appeal, appellant presents the following arguments for our consideration:

> I. THE COMMISSIONER ERRED IN UPHOLDING THE STATE BOARD OF EXAMINERS['] SUSPENSION OF APPELLANT'S CERTIFICATE BECAUSE SHE MADE A DECISION BASED ON AN INCOMPLETE FILE OF REQUIRED

11

DOCUMENTS TO DO SO AND DID NOT
CONSIDER PRECEDENTS OF HER ABILITY
TO DO SO.

II. THE COMMISSIONER ERRED IN
UPHOLDING THE DECISION DUE TO THE
USE OF HEARSAY IN THE DECISION AS
PER THE [RESIDUUM RULE OF WESTON v.
STATE, 60 N.J. 36 (1972)].[2]  (Not raised below).

By way of further explication, in his first point, appellant contends the decision of the Board of Examiners and the Acting Commissioner was arbitrary, capricious, and unreasonable because the transcripts of his tenure proceedings were not included in the record before the Board of Examiners or Acting Commissioner in violation of N.J.A.C. 6A:4-2.5(a).  Appellant states his appeal is limited to the suspension cases as he "accepts the faulty tenure decision," and is not attempting "to relitigate that matter."  Rather, he argues the transcripts provide "specific instances" in which the Board of Examiners and Acting

---

[2] In Weston, the Supreme Court recognized the usual rules of evidence barring hearsay testimony are not necessarily controlling in an administrative proceeding and subsequent appeal.  60 N.J. at 50.  "However, a decision in such an appeal 'cannot be based upon hearsay alone.'"  In re Dubov, 410 N.J. Super. 190, 202 (App. Div. 2009) (quoting Weston, 60 N.J. at 51).  "[T]here must be a residuum of legal and competent evidence in the record to support it."  Ibid. This rule is codified in N.J.A.C. 1:1-15.5(b), which provides: "[n]otwithstanding the admissibility of hearsay evidence, some legally competent evidence must exist to support each ultimate finding of fact to an extent sufficient to provide assurances of reliability and to avoid the fact or appearance of arbitrariness."

Commissioner could "see some evidence" disproving "some allegations," and would allow the Board of Examiners and Acting Commissioner to render a decision based on these unidentified facts.

In his second point, appellant contends, for the first time, the Board of Examiners and the Acting Commissioner erred by relying on hearsay to reach their determinations. Specifically, appellant argues because the arbitrator relied on hearsay, and both the Board of Examiners and the Acting Commissioner relied on the arbitrator's findings, they too erred as they based their decisions on incompetent evidence. He also maintains by relying on hearsay in this fashion the Board of Examiners and Acting Commissioner's decisions were contrary to the residuum rule of Weston.

In requesting we affirm, the State contends the decisions of both the Board of Examiners and the Acting Commissioner were properly "grounded in collateral estoppel." The State also argues the Acting Commissioner correctly denied appellant's application to include the transcripts of his tenure proceeding in the record before the Commissioner as the transcripts were not in the record before the Board of Examiners. As the transcripts were not "on file" with the Board of Examiners, the State contends N.J.A.C. 6A:4-2.5(a) does not require they be included in the record on appeal. Further, the State maintains although

13

the Acting Commissioner had the authority to supplement the record, she properly denied appellant's request as the transcripts are irrelevant because the Board of Examiners properly "invoked collateral estoppel," and thus based its decision on the arbitrator's factual findings and Award, not the proofs detailed in the transcripts.

"Our review of administrative agency action is limited," Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011), but we are not "relegated to a mere rubber-stamp of agency action," Williams v. Dep't of Corrs., 330 N.J. Super. 197, 204 (App. Div. 2000). Rather, we engage in a "careful and principled" examination of the agency's findings. Ibid. (quoting Mayflower Sec. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

A reviewing "court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). In the absence of such a showing, we accord substantial deference to an agency's fact-finding and legal conclusions, recognizing "the agency's 'expertise and superior knowledge of a particular field.'" Circus Liquors, Inc. v.

Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).  It is generally not the function of a reviewing court "to weigh the evidence, to determine the credibility of witnesses, to draw inferences and conclusions from the evidence, and to resolve conflicts therein." In re Grossman, 127 N.J. Super. 13, 23 (App. Div. 1974).

"The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).  Where an agency decides an issue of law, its "decision do[es] not carry a presumption of validity and it is for this court to decide whether those decisions are in accord with the law." Parsippany-Troy Hills Educ. Ass'n v. Bd. of Educ., 188 N.J. Super. 161, 165 (App. Div. 1983).

Under N.J.A.C. 6A:9B-4.4, the Board of Examiners "may revoke or suspend the certificate(s) of any certificate holder on the basis of demonstrated inefficiency, incapacity, conduct unbecoming a teacher, or other just cause." Unbecoming conduct is conduct "'which adversely affects the morale or efficiency of the [department]' or 'has a tendency to destroy public respect for [government] employees and confidence in the operation of [public] services.'"

Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 14 (2017) (alternations in original) (quoting In re Young, 202 N.J. 50, 66 (2010)). A finding of unbecoming conduct "need not be predicated upon the violation of any particular rule or regulation, but may be based merely upon the violation of the implicit standard of good behavior" expected of one in a public position. Id. at 13-14. "The touchstone . . . [is] the certificate holder's 'fitness to discharge the duties and functions of one's office or position.'" Young, 202 N.J. at 66 (quoting Grossman, 127 N.J. Super. at 29).

We determine there was no error in the Acting Commissioner's application of the doctrine of collateral estoppel to preclude appellant from relitigating the identical unbecoming conduct charges that were decided by the arbitrator in the tenure proceedings. Collateral estoppel "bars relitigation of issues previously litigated and determined adversely to the party against whom the doctrine is asserted . . . . When used to bar a defendant from asserting a defense previously litigated and lost against a different plaintiff[,] it is referred to as offensive collateral estoppel." Kortenhaus v. Eli Lilly & Co., 228 N.J. Super. 162, 164 (App. Div. 1988). For a court to determine that a party is collaterally estopped from litigating an issue, five elements must be met:

> (1) the issue to be precluded is identical to the issue
> decided in the prior proceeding; (2) the issue was

actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

[Allen v. V & A Bros., Inc., 208 N.J. 114, 137 (2011) (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)).]

Under the first prong, the prior action must have involved substantially similar or identical issues. L.T. v. F.M., 438 N.J. Super. 76, 86 (App. Div. 2014) (quoting Olivieri, 186 N.J. at 521). Some courts have required the issues to be "precisely the same." In re Liquidation of Integrity Ins. Co./Celotex Asbestos Trust, 214 N.J. 51, 68 (2013) (quoting In re McWhorter, 887 F.2d 1564, 1567 (11th Cir. 1989)).

Further, an "issue is actually litigated" if the issue "is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." Allesandra v. Gross, 187 N.J. Super. 96, 105-06 (App. Div. 1982) (quoting Restatement (Second) of Judgments § 27, cmt. d (Am. L. Inst. 1980)). Moreover, "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13. "Simply put, for collateral-estoppel purposes, 'the question to be decided is whether a party has

had his day in court on an issue.'" State v. K.P.S., 221 N.J. 266, 278 (2015) (quoting McAndrew v. Mularchuk, 38 N.J. 156, 161 (1962)).

Here, the Acting Commissioner properly considered the pertinent circumstances, and correctly applied the law when determining collateral estoppel barred appellant from relitigating the unbecoming conduct charges in the proceeding to suspend his school psychologist certificate. The identical charges were fully litigated and decided after a full and fair hearing before the arbitrator. As explained by the Acting Commissioner, appellant litigated the underlying facts in the tenure proceeding, which included twelve days of hearings where he was represented by counsel. The Acting Commissioner also noted we previously rejected appellant's challenge to the Award.

Additionally, although the parties before the Acting Commissioner were not identical to the parties in the arbitration, the party against whom collateral estoppel was applied — appellant — was a party to the earlier proceeding before the arbitrator. See Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012). Appellant does not dispute, and the record otherwise establishes, the issues to be precluded by application of collateral estoppel in the proceeding before the Acting Commissioner — that is, appellant's commission of various

conduct unbecoming — were, as noted, identical to the issues presented before the arbitrator.[3]  See ibid.

Further, appellant does not dispute the identical issues were "actually litigated" during the prior arbitration proceeding, id. at 85 (quoting Olivieri, 186 N.J. at 521), determination of the issues was essential to the arbitrator's decision, and the arbitrator's decision constituted a final judgment in the tenure proceedings, see ibid.  In addition, appellant does not point to any concern of unfairness, public policy, or newly available evidence that would be inconsistent with the otherwise proper application of the doctrine of collateral estoppel.  See Fama v. Yi, 359 N.J. Super. 353, 359 (App. Div. 2003).  The record establishes each of the elements supporting application of the doctrine of collateral estoppel, and appellant makes no showing why that preclusive doctrine should not apply. We are further satisfied, based on these findings and our review of the record, there was sufficient credible evidence supporting the determination of the Board of Examiners and the Acting Commissioner appellant engaged in conduct

---

[3]  In our recent decision Morison v. Willingboro Bd. of Educ., we rejected the appellant's request in that case to apply collateral estoppel to prevent the Board of Examiners from commencing an action to suspend or revoke a teacher's certificate following a tenure arbitration.  ___ N.J. Super. ___,___ (slip op. at 16-18) (App. Div. 2024).  We expressly noted in Morison, however, offensive collateral estoppel principles were not at issue, as they are here.  Id. at 18 n.6.

A-3859-21

warranting the suspension of his certificate.  See Bound Brook Bd. of Educ., 228 N.J. at 13-14.

Additionally, appellant's argument the Acting Commissioner erred in reaching her decision because the transcripts of appellant's arbitration proceedings were not included in the record is unavailing.  Although appellant expressly states he is not attempting to relitigate the arbitrator's decision, it is clear he is challenging the arbitrator's findings as they relate to the Acting Commissioner's decision.  Indeed, in advancing this argument, he essentially asserts the inclusion of the transcripts would have resulted in a different outcome before the Board of Examiners.  Appellant has presented no evidence supporting such a conclusion, and as detailed on direct appeal, we affirmed the findings of the arbitrator.  We also conclude the Acting Commissioner correctly interpreted N.J.A.C. 6A:4-2.5(a) as requiring the administrative record to include transcripts from the proceedings before the Board of Examiners, but not transcripts from the separate tenure proceeding.

Additionally, as noted, appellant's argument the Acting Commissioner improperly relied on hearsay in reaching her decision was first raised before us. "It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity

20

for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Neither exception applies here.

Despite this procedural infirmity, we have considered appellant's arguments on the merits and conclude these arguments, and any not specifically addressed, are of insufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). Appellant's contention the Acting Commissioner violated the residuum rule is belied by the record, as evidenced by our decision affirming the Award where we concluded the Award was based on substantial and credible evidence. See Holeman, slip op. at 9-11.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3859-21